COLE SCHOTZ P.C.
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
David R. Hurst
Daniel F.X. Geoghan

*Counsel to the SunEdison Litigation Trust*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SUNEDISON, INC., *et al.,* | : | Case No. 16-10992 (SMB) |
| Reorganized Debtors.[1] | : | (Jointly Administered) |
| | : | |
| DRIVETRAIN, LLC, IN ITS CAPACITY AS TRUSTEE OF THE SUNEDISON LITIGATION TRUST, | : | Adv. Pro. No. 19-_____ (SMB) |
| Plaintiff, | : | |
| – against – | : | |
| ORRICK HERRINGTON & SUTCLIFFE LLP, | : | |
| Defendant. | : | |

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number, are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); SunE MN Development, LLC (8669); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

**COMPLAINT TO: (I) AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550;
AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Drivetrain, LLC, in its capacity as the trustee of the SunEdison Litigation Trust,

the plaintiff herein (the "**Plaintiff**"), alleges that:

## NATURE OF THE CASE[2]

1.      Through this Complaint, Plaintiff asserts alternative claims to avoid and

recover preferential, constructively fraudulent, and intentionally fraudulent transfers made to the

Defendant.  Plaintiff seeks to avoid and recover from Defendant, or from any other person or

entity for whose benefit the Preference Transfers were made, all preferential transfers of property

that occurred during the ninety (90) day period prior to the Petition Date pursuant to sections 547

and 550 of the Bankruptcy Code.  Furthermore, subject to proof, Plaintiff seeks to avoid and

recover all constructively and intentionally fraudulent conveyances made to Defendant on or

after September 1, 2015, pursuant to sections 548 and 550 of the Bankruptcy Code.

2.      Plaintiff's intentional fraudulent transfer claims are based on the fact that

SunEdison Products Singapore Pte. Ltd. ("**SPS**"), an indirect, wholly-owned subsidiary of

SunEdison, Inc. ("**SUNE**"), made transfers to Defendant with an actual intent to defraud its

creditors.  Plaintiff's constructive fraudulent transfer claims are based on the fact that SUNE and

SPS, while insolvent, paid for services that benefitted other entities in SunEdison's corporate

structure (namely, Sun Edison LLC and SUNE Utility Holdings, Inc.), but did not receive

reasonably equivalent value in exchange therefor.

3.      To the extent that Defendant filed a proof of claim or has a claim listed on

the Debtors' schedules as undisputed, liquidated and not contingent, or otherwise requested

payment from the Debtors or the Debtors' chapter 11 estates, this complaint is not intended to be,

---

[2]      Unless otherwise stated, capitalized terms used herein are defined elsewhere in this complaint.

nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason, including pursuant to section 502 of the Bankruptcy Code, and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to section 502 of the Bankruptcy Code is sought by Plaintiff herein as further stated below.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5.     This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure and sections 502(d), 547, 548 and 550 of title 11 of United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"). Plaintiff consents to the entry of final orders or judgements by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgements consistent with Article III of the United States Constitution.

6.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under the Bankruptcy Code which is pending in this District.

7.     This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

## BACKGROUND

A.     **The Parties**

8.     Beginning on April 21, 2016 (the "**Petition Date**"), the above-captioned reorganized debtors (collectively, the "**Debtors**") filed voluntary petitions for relief under

chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

9.      At all relevant times herein, SUNE is and was a renewable-energy development company, and is the ultimate parent of all of the Debtors.  Upon information and belief, SUNE's primary business was the financing, development and construction of large-scale renewable energy systems such as solar arrays and wind farms ("**Projects**").  Upon information and belief, SUNE directly or indirectly owned hundreds of corporate entities, the majority of which were special purpose entities that owned the Projects.

10.      On March 28, 2017, the Debtors filed their Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates [Docket No. 2671] (as amended from time to time, the "**Plan**").

11.      On July 28, 2017, the Court entered the Findings of Facts, Conclusions of Law and Order Confirming Second Amended Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates [Docket No. 3735] (the "**Confirmation Order**"), thereby approving the Plan and the GUC/Litigation Trust Agreement (the "**Litigation Trust Agreement**").

12.      On December 29, 2017, the Plan became effective [Docket No. 4495] (the "**Effective Date**").

13.      Pursuant to the Plan, on the Effective Date, all of the Debtors' rights, title and interests in the GUC/Litigation Trust Causes of Action (as defined in the Plan), were transferred to Plaintiff.  Pursuant to the Plan, Plaintiff was authorized, as the representative of the Debtors' estates, to pursue the GUC/Litigation Trust Causes of Action, including the causes of action asserted herein.

14.     Plaintiff retains the right to enforce, sue on, settle or compromise all causes of action belonging to Plaintiff, including claims under sections 502(d), 547, 548 and 550 of the Bankruptcy Code.

15.     Prior to the Petition Date, Orrick Herrington & Sutcliffe LLP ("**Defendant**") provided legal services to certain of the Debtors, including Sun Edison LLC ("**SunE LLC**") and SUNE Utility Holdings, Inc. ("**SunE Utility**").

16.     Upon information and belief, all the Transfers identified on <u>Exhibit A</u> and <u>Exhibit B</u> hereto were made by SUNE or SPS, as applicable, on account of legal services Defendant provided to SunE LLC or SunE Utility.

**B.     Events Leading to the Debtors' Financial Collapse**

17.     Beginning in May 2015, the Debtors and their non-Debtor subsidiaries and affiliates (collectively, "**SunEdison**") announced a series of planned acquisitions (the "**Planned Acquisitions**") that gave rise to billions of dollars of funding commitments, which were layered on top of the nearly $10 billion in debt that SunEdison was carrying at the end of the second quarter of 2015.  In particular, in May 2015, SunEdison announced an acquisition of South American renewable energy firm Latin America Power for approximately $700 million (the "**LAP Acquisition**").  Then, in July 2015, SunEdison announced an agreement to purchase twelve hydroelectric and wind projects in Brazil for approximately $4 billion from Renova Energia, S.A. ("**Renova**"), and to purchase $250 million in securities of Renova from a third party.  Finally, also in July 2015, SunEdison announced an agreement to purchase residential rooftop solar power provider Vivant Solar for $2.2 billion.  None of these transactions ultimately was consummated.

18.     Investors reacted negatively to SunEdison's acquisition plans—and the proposed Vivant transaction in particular.  Indeed, between July 15, 2015 and August 31, 2015, SUNE's stock value dropped 70%, while the stock values of companies in its peer group dropped just 10% to 15%.  Thus, the drop in SUNE's stock price was not attributable merely to market conditions, but rather was due to SunEdison's financial performance and capital structure.

19.     The market also punished the share price of SunEdison's "yieldco" subsidiary Terraform Power, Inc. ("**TERP**"), which in turn led to further deterioration in SunEdison's liquidity position.  In particular, in late July or early August 2015, additional funding requirements arose in connection with margin call requirements on a $400 million loan agreement tied to the value of TERP shares, which had decreased in value by approximately 25% in July 2015.  In response to these margin calls, SunEdison was required to deposit $152 million into an escrow account as collateral during the third quarter of 2015, and deposit an additional $91 million in October 2015.

20.     In early August 2015, just weeks after announcing the Vivant transaction, SunEdison sought to raise $300 million in much-needed capital through an initial public offering (IPO) of shares of Terraform Global, Inc. ("**Global**").  However, the IPO failed and SunEdison was forced to contribute $30 million to fund the IPO short-fall.  Moreover, the IPO saddled SunEdison with ongoing post-IPO financial and operational support obligations.  The failed IPO furthered the rapid deterioration in SunEdison's market capitalization and, as of late August 2015, several of SunEdison's debt issuances were trading substantially below par (65-75%).

21.     SunEdison's liquidity decreased during the third quarter of 2015 by approximately $200 million.  Specifically, SunEdison's "free" cash (excluding TERP and Global) declined from $461 million (as of June 30, 2015) to $308 million (as of September 30,

2015), and its availability under its first lien credit facility declined from $84 million (as of June 30, 2015) to $34 million (as of September 30, 2015). The situation had become critical, as SunEdison's remaining cash was barely sufficient to cover its quarterly cash "burn" of $250-300 million required to fund certain project development costs (pre-construction) and corporate overhead expenses. There was no cash left to fulfill other obligations, including those arising in connection with the Planned Acquisitions. For instance, after SUNE failed to make a $355 million upfront cash payment in September in connection with the LAP Acquisition, the deal fell apart and Latin America Power shareholders sued SUNE for its failure to close the transaction.

22.     In short, by September 1, 2015—and indeed well before that—the Debtors were insolvent and/or were no longer able to pay their debts as they came due, and had entered into transactions (*i.e.*, the Planned Acquisitions) that they had no ability to consummate. During their chapter 11 cases, the Debtors sold all of their assets for less than $2 billion, demonstrating just how severe the Debtors' financial crisis had become before they finally collapsed into chapter 11.

## C.     The OCBC Line of Credit and Post-Dating of Invoices

23.     On or about December 19, 2014, SunEdison Products Singapore Pte. Ltd. ("**SPS**") established a line of credit (the "**OCBC Line of Credit**") with Oversea-Chinese Banking Corporation Limited ("**OCBC**").

24.     Upon information and belief, each draw from the OCBC Line of Credit was referred to as a "Loan" and was for the stated purpose of financing of invoices up to 180 days. According to express terms of the credit documents governing the facility, the availability of the OCBC Line of Credit was "subject to the absolute discretion" of OCBC and OCBC had the "absolute discretion to reject any utilization request." OCBC also had the "absolute

discretion without prior notice to or consent . . . vary the terms and conditions of, and decrease or restructure any of the facilities."  The express terms of the credit documents further specified that, as a prerequisite to each "Loan," SPS was required to present an invoice of each supplier "acceptable" to OCBC.  The express terms of the credit documents further provided that only a pre-approved list of suppliers could be paid by draws on the OCBC Line of Credit.

25.     On or about January 15, 2016, the terms governing the OCBC Line of Credit were revised to: (a) allow draws on the OCBC Line of Credit to pay the invoices of any supplier deemed acceptable by OCBC; (b) allow invoices payable by SUNE's wholly-owned subsidiaries to be paid by draws; and (c) make clear that SPS was to be "solely liable in respect of the utilisations" of the OCBC Line of Credit.

26.     At some point after SPS began incurring obligations under the OCBC Line of Credit, OCBC provided clear guidance to SPS on what constituted "acceptable" invoices. Among other requirements and restrictions, OCBC considered the OCBC Line of Credit to be a working capital facility and informed SPS that it would not approve draws for any invoices that had become due and payable more than thirty days prior to being submitted to OCBC (the "**30-Day Requirement**").  Put another way, OCBC categorically refused to approve draws that would be used to satisfy aged invoices.

27.     Upon information and belief, as SunEdison's financial situation deteriorated—and long after OCBC communicated the 30-Day Requirement and other restrictions to SPS—SUNE and SPS collaborated with certain vendors, including the Defendant, to evade OCBC's 30-Day Requirement by, among other things—

  i.    altering the due date on existing invoices to bring those invoices into compliance with the 30-Day Requirement ("**Altered Invoices**"); and/or

ii. having vendors issue a credit memos forgiving aged invoices, and then having said vendors issue new invoices in the same amounts with new due dates that would comply with the 30-Day Requirement ("**Reissued Invoices**"); and/or

iii. having vendors issue a single invoice, with a due date that complied with the 30-Day Requirement, that consolidated the amounts owed under numerous aged invoices from that vendor ("**Consolidated Invoices**").

28.     Upon information and belief, SUNE and SPS knowingly and intentionally submitted Post-Dated Invoices, Reissued Invoices and Consolidated Invoices in order to mislead and induce OCBC into allowing draws from the OCBC Line of Credit in satisfaction of aged, non-compliant invoices.

**D.      The Intentional Fraudulent Transfers**

29.     As explained in greater detail below, Plaintiff asserts that the transfers designated on the attached Exhibit A as Payment No. IF5TF61013553, in the amount of $185,940.14 (the "**1/22/16 Intentional Fraudulent Transfer**"), and Payment No. IF5TF61015368, in the amount of $2,099,790.65 (the "**1/26/16 Intentional Fraudulent Transfer**" and, together with the 1/22/16 Intentional Fraudulent Transfer, the "**Intentional Fraudulent Transfers**") were made to the Defendant via draws from the OCBC Line of Credit, following—and as a result of—SPS's submission of two Reissued and Consolidated Invoices from Defendant to OCBC.

30.     Upon information and belief, Defendant knowingly participated in the Debtors' invoice alteration scheme or willfully blinded itself to the fraudulent manner in which the Intentional Fraudulent Transfers were made.  More specifically, a partner of Defendant (the "**Orrick Partner**"), provided two Reissued and Consolidated Invoices to the Debtors at the Debtors' request.  SPS subsequently attached these invoices to draw requests in order to mislead and induce OCBC into allowing draws from the OCBC Line of Credit that satisfied Defendant's aged invoices.  Moreover, immediately after receiving the 1/22/16 Intentional Fraudulent

Transfer, the Orrick Partner executed and sent to SunEdison a credit memo forgiving all of the aged invoices paid by the Intentional Fraudulent Transfers.

31.     On or about December 15, 2015, Orrick went "pencils down" on all open SunEdison matters until SunEdison paid Orrick's overdue invoices.  See Ex. C.

32.     On January 10, 2016, Ignacio "Nacho" Redondo, CFO of SunEdison's Solar Materials Business Unit, emailed Peter Keel, CFO of SunEdison's North American Utility Business Unit, to request that Keel have someone on his team forward approximately $1.9 million in invoices from Orrick for payment from the OCBC Line of Credit.  Ex. D.  Nacho explained to Keel that he "[n]eed[ed] to have the invoices asap to start working with OCBC and, once we get them, in case they are more than 30 days overdue, we will most likely need to reissue them."  Id.

33.     A member of Keel's team provided the invoices to Keel, who then forwarded them to Nacho, who subsequently forwarded them to KY Chow, a credit manager at SPS and SPS's point of contact with OCBC.  Id.  Chow reviewed the invoices and then proposed that they "A. Request vendor to consolidate all invoices into one invoice and all Service Reports into one[;] B. Date the invoice and service report using the latest invoice date: 11/19/2015[; and] C. Change payment term to 30 days (due on 12/19/2015 which is less than 30 days old)."  Id.

34.     That same day, Nacho emailed KY Chow, copying a number of senior employees in SUNE's treasury and FP&A (financial planning and analysis) departments, instructing them to compile a list of vendors to pay from the OCBC Line of Credit.  Ex. E.  Rajiv Krishnan, a director in SUNE's FP&A Department, then asked "[w]hat are the criteria for OCBC approval…? If we know the criteria, we can make selective calls to those vendors tomorrow and

get back to you on who are willing to work with us." Id. Nacho responded that "[t]he criteria is basically is [sic] less than 30 days overdue." Id.

35. On January 14, 2016, Adam Brennaman, a manager in SUNE's treasury department who was leading the invoice collection efforts, emailed Zach Groves, SUNE's senior manager of cash planning, to inform him that "[p]er the table that Chad provided me today, we will have to have almost all of the Orrick invoices reissued in order to show a revised due date of Dec. 20 or later" and to ask him who at SunEdison would be the best person to speak with Orrick about revising the invoices. Ex. F.

36. On January 21, 2016, Jennifer Chapman, a senior accounts payable manager at SUNE, identified Karleen Stern, regional general counsel in the North American Utility Business Unit, as the primary point of contact with Defendant. Ex. G. Jennifer then asked "[h]as anyone communicated to her the need to credit and rebill." Id. Patrick Kay, a director in SUNE's FP&A Department, then replied and explained that Stern was on paid time off, and Marco McClees, senior in-house counsel at SUNE, would assist. Id.

37. Adam Brennaman then forwarded a zip file containing all of the individual invoices from Defendant that were to be paid from the OCBC Line of Credit, explaining that "[a]ttached are the invoices that must be revised using the below criteria… ." Id. McClees, after reviewing the invoices, then asked what was deficient with the invoices. Id.

38. Brennaman responded and explained that "they seem deficient based on the criteria set by OCBC. For example, invoice 1542333 has a date of July 23, 2015 and is 'Due Upon Receipt.' OCBC **will not accept any invoices that are more than 30 days past due. Therefore, the invoice must be revised to indicate a due date within the last 30 days**." Id. (emphasis added).

39.     At noon, McClees emailed the Orrick Partner a list of invoices and asked the Orrick Partner to "confirm this list matches your records and then send me the summary invoice we discussed."  Ex. H.  Three hours later, the Orrick Partner responded, agreed with McClees' list of aged invoices, and provided two Consolidated and Reissued invoices to McClees.  See id., Ex. I, Ex. J.

40.     The first Consolidated and Reissued invoice, in the amount of $2,099,790.65, identified the Orrick Partner as the point of contact for Defendant, was directed towards SunEdison Utility Holdings, Inc. and consolidated invoices dating back to July 2015 (the "**SunE Utility Consolidated Invoice**").  See Ex. I.  The second Consolidated and Reissued invoice, in the amount of $185,940.14, identified the Orrick Partner as the point of contact for Defendant, was directed towards Sun Edison LLC and consolidated invoices dating back to August 2015 (the "**SunE LLC Consolidated Invoice**").  See Ex. J.

41.     At 4:30 PM, Adam Brennaman forwarded to KY Chow the two Reissued and Consolidated Invoices from Defendant, stating that "I believe these should be compliant with OCBC criteria."  Ex. K.

42.     Later that evening, McClees emailed the Orrick Partner and requested that the Orrick Partner execute a credit memo forgiving all of aged invoices that would be satisfied by the Intentionally Fraudulent Transfers, and attached a draft credit memo for the Orrick Partner to review and execute.  See Ex. L.  Later that evening, the Orrick Partner emailed McClees an executed version of the credit memo.  See Exs. L, M.

43.     On January 22, 2016, KY Chow, on behalf of SPS, submitted an invoice financing application to OCBC, attaching the SunE LLC Consolidated Invoice.  See Ex. N.

44.     On January 22, 2016, the Orrick Partner emailed McClees and confirmed receipt of the 1/22/16 Intentionally Fraudulent Transfer.  <u>See</u> Ex. O.  McClees then forwarded this email to a number of SUNE and SPS employees, along with the executed credit memo.  <u>Id.</u>

45.     On January 26, 2016, KY Chow, on behalf of SPS, submitted an invoice financing application to OCBC, attached an edited version of the SunE Utility Consolidated Invoice.  <u>See</u> Ex. P.[3]  Later that day, OCBC approved a Loan from the OCBC Line of Credit in satisfaction of the SunE Utility Consolidated Invoice.

46.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers of an interest of the Debtors in property made to Defendant that may be recoverable under sections 547 or 548 of the Bankruptcy Code, including any transfers of an interest of the Debtors in property made to Defendant during the ninety (90) days preceding the Petition Date.  It is Plaintiff's intention to avoid and recover all such transfers made by the Debtors.  Plaintiff reserves the right to amend this original complaint to include: (i) further information regarding the Transfer(s); (ii) additional transfers; (iii) modifications of and/or revision to Defendant's name; (iv) additional defendants; and /or (v) additional causes of action (collectively, the "**Amendments**"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original complaint.

---

[3]     The only change was the addition of the phrase "Due upon receipt" to the face of the invoice.  <u>Compare</u> Ex. I <u>with</u> Ex. P.

# CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

47.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint as though set forth at length herein.

48.     On or within the ninety (90) days preceding the Petition Date, the Debtors, as more particularly set forth on Exhibit A attached hereto, made, or caused to be made, one or more transfers to or for the benefit of Defendant, which transfers are listed on Exhibit A attached hereto and incorporated herein by reference (the "**Preference Transfers**").

49.     Each of the Preference Transfers was comprised of an interest in property of the Debtor identified as "Transferor" on Exhibit A.

50.     During the ninety days (90) preceding the Petition Date, Defendant was a creditor at the time of each Preference Transfer by virtue of supplying goods and/or services for which the Transferor was obligated to pay following delivery.

51.     The Transferor made, or caused to be made, the Preference Transfers for, or on account of, antecedent debt(s) owed by the Transferor before such Preference Transfers were made.

52.     The Preference Transfers were made while the Transferor was insolvent.

53.     The Preference Transfers enabled Defendant to receive more than Defendant would receive if: (a) the Transferor's bankruptcy case were administered under chapter 7 of the Bankruptcy Code; (b) the Preference Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

54.     Interest on the Preference Transfers has accrued and continues to accrue from the date each of the Preference Transfers was made.

55.     Defendant was the initial transferee of the Preference Transfers, or the entity for whose benefit the Preference Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Preference Transfers.

56.     The Preference Transfers, to the extent they are avoided pursuant to section 547(b) of the Bankruptcy Code, may be recovered by Plaintiff pursuant to section 550(a)(1) of the Bankruptcy Code.

**SECOND CAUSE OF ACTION**
**(Avoidance and Recovery of 90-Day Fraudulent Transfers)**

57.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint as though set forth at length herein.

58.     Plaintiff pleads in the alternative that one or more of the transfers as identified on Exhibit A were not on account of antecedent debt owed by the Debtor that made such transfers (such transfers, the "**90-Day Fraudulent Transfers**").

59.     Each of the 90-Day Fraudulent Transfers was comprised of an interest in property of the Debtor identified as "Transferor" on Exhibit A.

60.     The Transferor made the 90-Day Fraudulent Transfers for services provided to a third party and failed to receive reasonably equivalent value in exchange for such 90-Day Fraudulent Transfers; and

a.      The Transferor was insolvent on the dates that the 90-Day Fraudulent Transfers were made or became insolvent as a result of the 90-Day Fraudulent Transfers; or

b.   The Transferor engaged in business or a transaction, or were about to engage in business or a transition, for which any property remaining with the Transferor was an unreasonably small capital; or

c.   The Transferor intended to incur, or believed that it would incur, debts that would be beyond the Transferor's ability to pay as such debts matured.

61.   The 90-Day Fraudulent Transfers were made to or for the benefit of Defendant within one year prior to the Petition Date.

62.   The 90-Day Fraudulent Transfers, to the extent they are avoided pursuant to section 548 of the Bankruptcy Code, may be recovered by Plaintiff pursuant to section 550(a)(1) of the Bankruptcy Code.

### THIRD CAUSE OF ACTION
**(Avoidance and Recovery of Additional Fraudulent Transfers)**

63.   Plaintiff repeats, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint as though set forth at length herein.

64.   The transfers identified on Exhibit B were not on account of antecedent debt owed by the Debtor that made such transfers (such transfers, the "**Additional Fraudulent Transfers**").

65.   Each of the Additional Fraudulent Transfers was comprised of an interest in property of the Debtor identified as "Transferor" on Exhibit B.

66.   The Transferor made the Additional Fraudulent Transfers for services provided to a third party and failed to receive reasonably equivalent value in exchange for such Additional Fraudulent Transfers; and

a. The Transferor was insolvent on the dates that the Additional Fraudulent Transfers were made or became insolvent as a result of the Additional Fraudulent Transfers; or

b. The Transferor engaged in business or a transaction, or were about to engage in business or a transition, for which any property remaining with the Transferor was an unreasonably small capital; or

c. The Transferor intended to incur, or believed that it would incur, debts that would be beyond the Transferor's ability to pay as such debts matured.

67. The Additional Fraudulent Transfers were made to or for the benefit of Defendant within the one year prior to the Petition Date.

68. The Additional Fraudulent Transfers, to the extent they are avoided pursuant to section 548 of the Bankruptcy Code, may be recovered by Plaintiff pursuant to section 550(a)(1) of the Bankruptcy Code.

## FOURTH CAUSE OF ACTION
### (Avoidance and Recovery of Intentional Fraudulent Transfers)

69. Plaintiff repeats, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint as though set forth at length herein.

70. SPS made the Intentional Fraudulent Transfers (together with the Preference Transfers, the 90-Day Fraudulent Transfers, and the Additional Fraudulent Transfers, the "**Transfers**") to Defendant as described on Exhibit A.

71. The Intentional Fraudulent Transfers were comprised of an interest of SPS in property.

72. The Intentional Fraudulent Transfers were made to or for the benefit of Defendant within the one year prior to the Petition Date.

73.     The Intentional Fraudulent Transfers were made by SPS with the intent to hinder, delay or defraud SPS's creditors (including OCBC), to whom SPS was or became indebted on or after the date of such transfer was made.

74.     Defendant knowingly or with willful blindness assisted SUNE and SPS in misleading and inducing OCBC to approve Loans in satisfaction of Defendant's invoices, which were aged and otherwise non-compliant with OCBC's 30-Day Requirement.

75.     The Intentional Fraudulent Transfers, to the extent they are avoided pursuant to section 548 of the Bankruptcy Code, may be recovered by Plaintiff from Defendant pursuant to section 550(a)(1) of the Bankruptcy Code.

## FIFTH CAUSE OF ACTION
### (Disallowance of Claims)

76.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint as though set forth at length herein.

77.     Defendant is the recipient of the Transfers, which are recoverable pursuant to sections 547, 548 and 550 of the Bankruptcy Code, and Defendant has not returned the Transfers to Plaintiff.

78.     Based upon the foregoing and pursuant to section 502(d) of the Bankruptcy Code, the claims, if any, asserted by Defendant against the Debtors (collectively, the "**Claims**") must be disallowed since Defendant has not paid or surrendered the Transfers to Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendant:

a.     On Plaintiff's First Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the amount of the Preference Transfers, plus interest from the date of such Preference Transfers until full payment is made to Plaintiff, together with the

costs and expenses of this action, including, without limitation, attorneys' fees; and directing Defendant to turnover such sum to Plaintiff pursuant to sections 547(b) and 550(a) of the Bankruptcy Code;

       b.     On Plaintiff's Second Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the amount of the 90-Day Fraudulent Transfers, plus interest from the date of such 90-Day Fraudulent Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees; and directing Defendant to turnover such sum to Plaintiff pursuant to sections 548(a)(1)(B) and 550(a) of the Bankruptcy Code;

       c.     On Plaintiff's Third Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the amount of the Additional Fraudulent Transfers, plus interest from the date of such Additional Fraudulent Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees; and directing Defendant to turnover such sum to Plaintiff pursuant to sections 548(a)(1)(B) and 550(a) of the Bankruptcy Code;

       d.     On Plaintiff's Fourth Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the amount of the Intentional Fraudulent Transfers, plus interest from the date of such Intentionally Fraudulent Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees; and directing Defendants to turnover such sum to Plaintiff pursuant to sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code;

e.	On Plaintiff's Fifth Cause of Action, in favor of Plaintiff and against Defendant disallowing the Claims pursuant to section 502(d) of the Bankruptcy Code unless and until Defendant returns the Transfers to Plaintiff; and

f.	Granting such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	March 29, 2019

COLE SCHOTZ P.C.

*/s/ David R. Hurst*
David R. Hurst
Daniel F.X. Geoghan
1325 Avenue of the Americas
19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Counsel to the SunEdison Litigation Trust*

# EXHIBIT A

Debtors: SunEdison, Inc., et al.
Case No.: 16-10992 (SMB)
Bankruptcy Court: Southern District of New York
Preference Period: 1/22/16 to 4/20/16

EXHIBIT A

| Transferee | Transferor | Invoice Date | Invoice Number | Invoice Amount | Payment Date | Payment Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| Orrick, Herrington & Sutcliffe LLP | SunEdison Products Singapore Pte. Ltd. | 8/17/2015 | 1545869 | $ 50,958.74 | 1/22/2016 | IF5TF61013553 | $ 50,958.74 |
| | SunEdison Products Singapore Pte. Ltd. | 8/17/2015 | 1545881 | $ 33,763.90 | 1/22/2016 | IF5TF61013553 | $ 33,763.90 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552219 | $ 627.10 | 1/22/2016 | IF5TF61013553 | $ 627.10 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552221 | $ 393.60 | 1/22/2016 | IF5TF61013553 | $ 393.60 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552222 | $ 29,183.69 | 1/22/2016 | IF5TF61013553 | $ 29,183.69 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552318 | $ 13,623.69 | 1/22/2016 | IF5TF61013553 | $ 13,623.69 |
| | SunEdison Products Singapore Pte. Ltd. | 10/21/2015 | 1557020 | $ 1,768.90 | 1/22/2016 | IF5TF61013553 | $ 1,768.90 |
| | SunEdison Products Singapore Pte. Ltd. | 10/21/2015 | 1557028 | $ 10,717.43 | 1/22/2016 | IF5TF61013553 | $ 10,717.43 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562249 | $ 3,344.78 | 1/22/2016 | IF5TF61013553 | $ 3,344.78 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562250 | $ 810.26 | 1/22/2016 | IF5TF61013553 | $ 810.26 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 166482 | $ 1,261.74 | 1/22/2016 | IF5TF61013553 | $ 1,261.74 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1566978 | $ 33,321.55 | 1/22/2016 | IF5TF61013553 | $ 33,321.55 |
| | SunEdison Products Singapore Pte. Ltd. | 12/17/2015 | 1567234 | $ 6,164.76 | 1/22/2016 | IF5TF61013553 | $ 6,164.76 |
| | SunEdison Products Singapore Pte. Ltd. | 7/23/2015 | 1542333 | $ 9,550.57 | 1/26/2016 | IF5TF61015368 | $ 9,550.57 |
| | SunEdison Products Singapore Pte. Ltd. | 8/17/2015 | 1545900 | $ 14,822.36 | 1/26/2016 | IF5TF61015368 | $ 14,822.36 |
| | SunEdison Products Singapore Pte. Ltd. | 8/17/2015 | 1545899 | $ 18,538.59 | 1/26/2016 | IF5TF61015368 | $ 18,538.59 |
| | SunEdison Products Singapore Pte. Ltd. | 8/17/2015 | 1545903 | $ 1,227.95 | 1/26/2016 | IF5TF61015368 | $ 1,227.95 |
| | SunEdison Products Singapore Pte. Ltd. | 8/17/2015 | 1545905 | $ 45,289.65 | 1/26/2016 | IF5TF61015368 | $ 45,289.65 |
| | SunEdison Products Singapore Pte. Ltd. | 8/17/2015 | 1545909 | $ 3,119.09 | 1/26/2016 | IF5TF61015368 | $ 3,119.09 |
| | SunEdison Products Singapore Pte. Ltd. | 8/17/2015 | 1545912A | $ 16,510.10 | 1/26/2016 | IF5TF61015368 | $ 16,510.10 |
| | SunEdison Products Singapore Pte. Ltd. | 8/17/2015 | 1545912B | $ 33,020.21 | 1/26/2016 | IF5TF61015368 | $ 33,020.21 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552331 | $ 5,398.47 | 1/26/2016 | IF5TF61015368 | $ 5,398.47 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552326 | $ 59,752.35 | 1/26/2016 | IF5TF61015368 | $ 59,752.35 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552329 | $ 22,472.51 | 1/26/2016 | IF5TF61015368 | $ 22,472.51 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552328 | $ 41,187.47 | 1/26/2016 | IF5TF61015368 | $ 41,187.47 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552240 | $ 33,952.53 | 1/26/2016 | IF5TF61015368 | $ 33,952.53 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552254A | $ 40,420.14 | 1/26/2016 | IF5TF61015368 | $ 40,420.14 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552254B | $ 80,040.29 | 1/26/2016 | IF5TF61015368 | $ 80,040.29 |
| | SunEdison Products Singapore Pte. Ltd. | 9/28/2015 | 1552254B-1 | $ 800.01 | 1/26/2016 | IF5TF61015368 | $ 800.01 |
| | SunEdison Products Singapore Pte. Ltd. | 10/21/2015 | 1557029 | $ 68,739.59 | 1/26/2016 | IF5TF61015368 | $ 68,739.59 |
| | SunEdison Products Singapore Pte. Ltd. | 10/21/2015 | 1557026 | $ 111,021.94 | 1/26/2016 | IF5TF61015368 | $ 111,021.94 |
| | SunEdison Products Singapore Pte. Ltd. | 10/21/2015 | 1557023 | $ 135,463.15 | 1/26/2016 | IF5TF61015368 | $ 135,463.15 |
| | SunEdison Products Singapore Pte. Ltd. | 10/21/2015 | 1557027 | $ 95,592.96 | 1/26/2016 | IF5TF61015368 | $ 95,592.96 |
| | SunEdison Products Singapore Pte. Ltd. | 10/21/2015 | 1557027A | $ 191,185.92 | 1/26/2016 | IF5TF61015368 | $ 191,185.92 |
| | SunEdison Products Singapore Pte. Ltd. | 10/28/2015 | 1557030 | $ 2,348.07 | 1/26/2016 | IF5TF61015368 | $ 2,348.07 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562248 | $ 8,819.54 | 1/26/2016 | IF5TF61015368 | $ 8,819.54 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562247 | $ 5,853.60 | 1/26/2016 | IF5TF61015368 | $ 5,853.60 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562259 | $ 6,088.50 | 1/26/2016 | IF5TF61015368 | $ 6,088.50 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562255 | $ 366.95 | 1/26/2016 | IF5TF61015368 | $ 366.95 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562245 | $ 96,455.21 | 1/26/2016 | IF5TF61015368 | $ 96,455.21 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562246 | $ 198,587.28 | 1/26/2016 | IF5TF61015368 | $ 198,587.28 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562254 | $ 18,255.66 | 1/26/2016 | IF5TF61015368 | $ 18,255.66 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562258 | $ 11,140.94 | 1/26/2016 | IF5TF61015368 | $ 11,140.94 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562256 | $ 2,862.21 | 1/26/2016 | IF5TF61015368 | $ 2,862.21 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562253 | $ 1,538.94 | 1/26/2016 | IF5TF61015368 | $ 1,538.94 |
| | SunEdison Products Singapore Pte. Ltd. | 11/19/2015 | 1562243 | $ 14,035.74 | 1/26/2016 | IF5TF61015368 | $ 14,035.74 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1566982 | $ 12,152.40 | 1/26/2016 | IF5TF61015368 | $ 12,152.40 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1566984 | $ 13,007.25 | 1/26/2016 | IF5TF61015368 | $ 13,007.25 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1566983 | $ 23,928.44 | 1/26/2016 | IF5TF61015368 | $ 23,928.44 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1566985 | $ 608.85 | 1/26/2016 | IF5TF61015368 | $ 608.85 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1566981 | $ 18,647.62 | 1/26/2016 | IF5TF61015368 | $ 18,647.62 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1564327 | $ 87,275.08 | 1/26/2016 | IF5TF61015368 | $ 87,275.08 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1567236 | $ 29,870.39 | 1/26/2016 | IF5TF61015368 | $ 29,870.39 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1566989 | $ 93,578.03 | 1/26/2016 | IF5TF61015368 | $ 93,578.03 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1566989A | $ 187,156.07 | 1/26/2016 | IF5TF61015368 | $ 187,156.07 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1566990 | $ 79,702.67 | 1/26/2016 | IF5TF61015368 | $ 79,702.67 |
| | SunEdison Products Singapore Pte. Ltd. | 12/15/2015 | 1566990A | $ 159,405.36 | 1/26/2016 | IF5TF61015368 | $ 159,405.36 |
| | | | | | | | $ 2,285,730.79 |

# EXHIBIT B

Debtors: SunEdison, Inc., et al.
Case No.: 16-10992 (SMB)          **EXHIBIT B**
Bankruptcy Court: Southern District of New York

| Transferee | Transferor | Invoice Date | Invoice Number | Invoice Amount | Payment Date | Payment Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| Orrick, Herrington & Sutcliffe LLP | SunEdison, Inc. | 7/23/2015 | 1542342 | $ 57,706.21 | 9/8/2015 | ACH | $ 57,706.21 |
| | SunEdison, Inc. | 6/17/2015 | 1536494 | $ 5,178.30 | 9/8/2015 | ACH | $ 5,178.30 |
| | | | | | | | $ 62,884.51 |

# EXHIBIT C

**To:** Karleen Stern[KStern@sunedison.com]
**Cc:** Tait Nielsen[TNielsen@sunedison.com]; Sujay Parikh[sparikh@sunedison.com]; Joyce Chang[jchang@sunedison.com]
**From:** Francisco Luna
**Sent:** Tue 12/15/2015 3:43:09 PM
**Subject:** RE: Orrick - SunEd projects

OK. Thanks.

---

**From:** Karleen Stern
**Sent:** Tuesday, December 15, 2015 4:42 PM
**To:** Francisco Luna
**Cc:** Tait Nielsen; Sujay Parikh; Joyce Chang
**Subject:** RE: Orrick - SunEd projects

The projects below are "critical" in that they are fast-tracked or near closing.  It is my understanding they are pens down on all SunEd work right now.

---

**From:** Francisco Luna
**Sent:** Tuesday, December 15, 2015 1:33 PM
**To:** Karleen Stern
**Cc:** Tait Nielsen; Sujay Parikh; Joyce Chang
**Subject:** RE: Orrick - SunEd projects

Hi Karleen,

In your conversation with Orrick, did they happen to mention whether Rocksprings is included in item 4 of their email. In other words, will they keep working on the Rocksprings project financings or are they pencils down on this transaction as well?  If they did not specifically raise, is it OK for us to follow up with Orrick directly?

**Francisco Luna**
*Senior Counsel*
*Global Structured and Project Finance*

Direct: (240) 762-7932
Mobile: (301) 204-7218
Email: fluna@sunedison.com

**SunEdison**
7550 Wisconsin Ave., 9th Floor
Bethesda, MD 20814
www.sunedison.com



---

**From:** Karleen Stern
**Sent:** Tuesday, December 15, 2015 3:27 PM
**To:** Luis Velez; Aaron MacQueen; Charles Spiliotis; Brett Martino; Tanya Willacy; Rafael Dobrzynski; Jennifer Lootens; Peter Keel; Paul Gaynor; Alicia Barton; Bill Nguyen; Hy Martin; Vanessa Kwong; Dane Peacock; Michael Alvarez; Jason Frooshani; Sujay Parikh; Joyce Chang; Marco McClees; Francisco Luna; Kamran Idrees; Patrick Kay; Martin Truong; Vanessa Kwong; Jeremy Avenier; Ashish Tulsyan; Arthur J. Snell; Euan McNair
**Subject:** FW: Orrick - SunEd projects

All:

I just talked to ██ at Orrick.  While they did received payment from TERP, they did not receive payment from SunEdison for any invoices in NA UTL or C&I.  As of today, they are pens down  on all work for SunEdison, including the below critical projects (as well as other, less urgent projects) until they receive payment.

Please contact me to discuss how to proceed in light of this development, as well as how to manage the communication with our

counter-parties and their counsel.

Karleen

**Karleen O'Connor Stern**
**Regional General Counsel – Global Utility**
44 Montgomery Street  |  Suite 2200 | San Francisco, CA 94104
415-229-8863 O  |  415-691-1322 C |  415-723-7304 F
email: KStern@sunedison.com
**www.sunedison.com**



---

**From:** [blacked out] [mailto:[blacked out]orrick.com]
**Sent:** Tuesday, December 15, 2015 11:12 AM
**To:** Karleen Stern
**Subject:** Orrick - SunEd projects

Karleen,  As just discussed, below is a brief listing of a few of the larger critical pace projects on which Orrick is working for SunEd.

1. Sale of two utility scale Beacon Projects
2. Sale of two utility scale Mt. Signal solar projects
3. Sale of 4 portfolios of DG projects
4. Tax equity, construction and term financing of multiple projects (including Buckthorn, Castle Gap and Hawaii)
5. Development work necessary to achieve CPs for sale of Mt. Signal projects.

Let me know if any questions.

[blacked out]

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*Office 1:* 415.773.5570
*Office 2:*  415.925.9243
*Mobile:* 415.730.6610
[blacked out]orrick.com  -  bio • vcard

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

# EXHIBIT D

**To:**         Ignacio Redondo[IRedondo@sunedison.com]
**From:**    KY Chow
**Sent:**     Tue 1/12/2016 1:14:08 AM
**Subject:**   RE: Invoices ██████ ████████ and Orrick
[Invoice Summary R.xlsx](#)

Nacio

I reviewed and matched up the list of invoices in the Excel files to the actual invoices.

1.   All invoices are overdue (payment term:  Due upon receipt)
2.   2 invoices per Excel file have different amounts from actual invoices (highlighted in red font)
3.   2 minor invoices are billed to SE LLC and the rest to SE Utiliy

My proposal is

A.   Request vendor to consolidate all invoices into one invoice and all Service Reports into one
B.   Date the invoice and service report using the latest invoice date:  11/19/2015.
C.   Change payment term to 30 days (due on 12/19/2015 which is less than 30 days old).
D.   Internally, we apportion the amounts to SE LLC and SE Utility.  Alternatively, exclude invoices to SE LLC and pay in cash.

Thanks
KY Chow
☎ 65 – 6681 9326

---

**From:** Ignacio Redondo
**Sent:** 12 January, 2016 1:28 PM
**To:** KY Chow
**Subject:** Fwd: Invoices ████ ██████ and Orrick

This is the Orrick piece

Sent from my iPhone
Begin forwarded message:

> **From:** Jennifer Chapman <[JaChapman@sunedison.com](mailto:JaChapman@sunedison.com)>
> **Date:** January 11, 2016 at 7:20:53 PM PST
> **To:** Karleen Stern <[KStern@sunedison.com](mailto:KStern@sunedison.com)>, Peter Keel <[PKeel@sunedison.com](mailto:PKeel@sunedison.com)>
> **Cc:** Ignacio Redondo <[IRedondo@sunedison.com](mailto:IRedondo@sunedison.com)>, Zach Groves <[zgroves@sunedison.com](mailto:zgroves@sunedison.com)>, Hemant Gandhi
> <[hgandhi@sunedison.com](mailto:hgandhi@sunedison.com)>, Jeremy Avenier <[JAvenier@terraform.com](mailto:JAvenier@terraform.com)>, Wren Wescoatt
> <[WWescoatt@sunedison.com](mailto:WWescoatt@sunedison.com)>, Jay Piercy <[JPiercy@sunedison.com](mailto:JPiercy@sunedison.com)>, Eric Barnhart <[EBarnhart@sunedison.com](mailto:EBarnhart@sunedison.com)>
> **Subject: RE: Invoices** ████ ██████ **and Orrick**
>
> Hi
>
> Attached please find Orrick invoices and summary of payable due.
> Karleen this is what we have processed in Great Plains.
> Wire instructions on invoice.
>
> Thanks
> Jen

---

**From:** Karleen Stern [[mailto:KStern@sunedison.com](mailto:KStern@sunedison.com)]

**Sent:** Monday, January 11, 2016 10:14 PM
**To:** Pete Keel
**Cc:** Ignacio Redondo; Zach Groves; Hemant Gandhi; Jeremy Avenier; Wren Wescoatt; Jay Piercy; Eric Barnhart; Jennifer A. Chapman
**Subject:** Re: Invoices ██ ████ and Orrick

Will revert shortly

Sent from my iPhone
On Jan 11, 2016, at 6:44 PM, Pete Keel <PKeel@sunedison.com> wrote:

> Wren, Jay, Karleen, Eric, need a hand with a quick turnaround please:
>
> Wren, could you please send Hawaii Invoices?
>
> Jay, send ██ invoice?
>
> Karleen, send Orrick?
>
> And Eric, send ████ ?
>
> Just send to this group. Nacho is processing with Singapore bank so he needs tonight if we are going to pay tomorrow. Thanks.

---

**From:** Ignacio Redondo [mailto:IRedondo@sunedison.com]
**Sent:** Monday, January 11, 2016 9:14 PM
**To:** Pete Keel
**Cc:** Zach Groves; Hemant Gandhi; Jeremy Avenier
**Subject:** RE: Invoices ██ ████ and Orrick
**Importance:** High

Pete,

I cant wait anymore. I know it is late there, but I need to have the ██ invoices right away, otherwise I will not be able to process by Thursday, I need to go through their approval process and need to make sure they use the day (it is already Tuesday morning in Singapore) to process and approve… Please send within the next hour.

Thanks

---

**From:** Ignacio Redondo
**Sent:** Monday, January 11, 2016 11:47 AM
**To:** Peter Keel
**Cc:** Zach Groves; Hemant Gandhi; Jeremy Avenier
**Subject:** RE: Invoices ██ ████ and Orrick

Not yet. I have not received the invoices. Important to send to Singapore in the next three hours before they wake up. Once I get them, I will let you know whether we need to have them reissued or not.

Best

---

**From:** Peter Keel [mailto:PKeel@sunedison.com]
**Sent:** Monday, January 11, 2016 11:33 AM
**To:** Ignacio Redondo
**Cc:** Zach Groves; Hemant Gandhi; Jeremy Avenier
**Subject:** RE: Invoices ██ ████ and Orrick

Do you have what you need?

---

**From:** Ignacio Redondo [mailto:IRedondo@sunedison.com]
**Sent:** Sunday, January 10, 2016 8:37 PM
**To:** Pete Keel
**Cc:** Zach Groves; Hemant Gandhi; Jeremy Avenier

**Subject:** Invoices ███ █████ and Orrick

Pete,

Need urgently the invoices from the three vendors. My understanding is we should be paying $24 M to ███ $23 M to █████ and roughly $1.9 M to Orrick. Need to have the invoices asap to start working with OCBC and, once we get them, in case they are more than 30 days overdue, we will most likely need to reissue them… Please tell someone from your team to send them and we will take it from there.

Best

**Ignacio Redondo**
*CFO Solar Materials*

Mobile: + 1  (650) 670 53 94
Email: iredondo@sunedison.com

**SunEdison**
600 Clipper Drive
Belmont, CA
94002
www.sunedison.com

# EXHIBIT E

**To:**       Ignacio Redondo[IRedondo@sunedison.com]
**Cc:**       Zach Groves[zgroves@sunedison.com]
**From:**     KY Chow
**Sent:**     Tue 1/12/2016 9:54:04 PM
**Subject:**  RE: List of vendors / amounts

Nacio – I suggest that Adam or Doug be assigned to help coordinate and compile the invoices.  Due to time zones, they can resolve and clarify any issues with the AP teams of the other SE Inc subsidiaries instantly.

I have not receive any listing (per table below) from the AP teams or Ashish; without which I am not able to seek pre-approval from OCBC.

On the OCBC side, I have applied pressure on them to be as flexible as UOB.

**SUMMARY PAYMENT LIST**

| Item | Paid by | Paid to | Invoice # | Invoice Date | Payment Due Date |
|------|---------|---------|-----------|--------------|------------------|
| 1 | NVT (full name) | █ (full name) | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | SUB-TOTAL | | | | |
| 2 | NVT (full name) | Orrick, Herrington & Sutcliffe, LLP | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | SUB-TOTAL | | | | |

Thanks
KY Chow
☎ 65 – 6681 9326

**From:** Denzil Thies
**Sent:** 13 January, 2016 10:38 AM
**To:** Ignacio Redondo; Rajiv Krishnan; KY Chow
**Cc:** Zach Groves; Hemant Gandhi
**Subject:** RE: List of vendors / amounts

Rajiv – we need ███ to be paid tomorrow or else they won't mobilize in time for us.   Can you have them processed outside of this?

January inflows at stake.

- Denzil

---

**From:** Ignacio Redondo
**Sent:** Tuesday, January 12, 2016 6:34 PM
**To:** Rajiv Krishnan; KY Chow
**Cc:** Denzil Thies; Zach Groves; Hemant Gandhi
**Subject:** RE: List of vendors / amounts

The criteria is basically is less than 30 days overdue…. Need to have some guidance today, otherwise payment on Friday will be really challenging…

---

**From:** Rajiv Krishnan
**Sent:** Tuesday, January 12, 2016 6:33 PM
**To:** Ignacio Redondo; KY Chow
**Cc:** Denzil Thies; Zach Groves; Hemant Gandhi
**Subject:** RE: List of vendors / amounts

Nacho/Ky,

What are the criteria for OCBC approval…?  If we know the criteria, we can make selective calls to those vendors tomorrow and get back to you on who are willing to work with us.  Thx.

Best,

Rajiv

---

**From:** Ignacio Redondo
**Sent:** Tuesday, January 12, 2016 6:11 PM
**To:** KY Chow
**Cc:** Rajiv Krishnan; Denzil Thies; Zach Groves; Hemant Gandhi
**Subject:** List of vendors / amounts

As agreed, please send the list of vendors with potential payment from OCBC tonight. With that list, KY can start getting approval from the bank. The file needs to have:

1. Complete vendor name
2. Complete Group company name who is paying the invoices
3. Amount

Please make sure the ones you send are the ones you will be able to amend tomorrow quickly so that we can send to KY before he wakes up tomorrow and they have 1.5 days to go through the invoices. The detail described on items 1 to 3 we need to day so that we can these vendors and companies approved. Let me know if any doubts.

Best

**Ignacio Redondo**
*CFO Solar Materials*

Mobile: + 1  (650) 670 53 94
Email: iredondo@sunedison.com

**SunEdison**
600 Clipper Drive
Belmont, CA
94002
www.sunedison.com



# EXHIBIT F

**To:**      Zach Groves[zgroves@sunedison.com]
**Cc:**      Hemant Gandhi[hgandhi@sunedison.com]; Chad Keeven[ckeeven@sunedison.com]; Ashish Tulsyan[ATulsyan@sunedison.com]
**From:**   Adam Brennaman
**Sent:**   Thur 1/14/2016 6:09:08 PM
**Subject:**  RE: OCBC final

Hi Zach,

Per the table that Chad provided me today, we will have to have almost all of the Orrick invoices reissued in order to show a revised due date of Dec. 20 or later.  Who is the best person to contact in order to have this completed?  Is there someone working or in contact with Orrick directly?

Thanks,

Adam

---

**From:** Chad Keeven
**Sent:** Thursday, January 14, 2016 3:31 PM
**To:** Adam Brennaman
**Subject:** FW: OCBC final
**Importance:** High

---

**From:** Chad Keeven
**Sent:** Thursday, January 14, 2016 11:48 AM
**To:** Ashish Tulsyan
**Cc:** Hemant Gandhi; Duane Grant
**Subject:** RE: OCBC final
**Importance:** High

Ashish—attached. As discussed, we have no open AP for ▮ but Orrick's information is attached in full. Invoice and Due Dates on this schedule do not reflect any renegotiated terms. Thanks, Chad

---

**From:** Ashish Tulsyan
**Sent:** Thursday, January 14, 2016 10:54 AM
**To:** Duane Grant; Chad Keeven
**Cc:** Hemant Gandhi
**Subject:** RE: OCBC final

This is one time.. however we might need more vendors with this information ..

This should be done ASAP, and then Singapore team will work on it to get this paid by today their time

**With regards,**
**Ashish**

---

**From:** Duane Grant
**Sent:** Thursday, January 14, 2016 10:52 AM
**To:** Ashish Tulsyan; Chad Keeven
**Cc:** Hemant Gandhi
**Subject:** RE: OCBC final

What is the timing of this?  Is this deal related or simply a regular request.  Will be talking with Chad shortly.

Duane

---

**From:** Ashish Tulsyan

**Sent:** Thursday, January 14, 2016 10:42 AM
**To:** Chad Keeven
**Cc:** Duane Grant; Hemant Gandhi
**Subject:** FW: OCBC final

Chad,

Can you please share the updated excel for below information asap

**With regards,**
**Ashish**

---

**From:** KY Chow
**Sent:** Monday, January 11, 2016 11:47 PM
**To:** Ashish Tulsyan; Clarrissa Lim
**Cc:** Zach Groves; Hemant Gandhi; Ignacio Redondo
**Subject:** RE: OCBC final

Ashish – please get the AP teams (for NVT, SE Inc & SE Chile) to complete the table below.

1.  Invoices with due dates older than 30 days are not allowed [*1]
2.  Full bank details of vendors must be provided accurately.
3.  Invoices and transport docs must be provided.

*1 – please work with vendors to amend payment terms (eg. invoice date: 11/5/15, term: 30 days, payment due: 12/5/15 – change term to 60 days, new due date: 1/4/16).

Clarrissa – please provide similar info for SPS.

If payment to ▮ is $30.9, the balance is $2.6M.

| Item | Paid by | Paid to | Invoice # | Invoice Date | Payment Due Date | |
|------|---------|---------|-----------|--------------|------------------|--|
| **SUMMARY PAYMENT LIST** | | | | | | |
| 1 | NVT (full name) | ▮ (full name) | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | SUB-TOTAL | | | | | |
| 2 | NVT (full name) | Orrick, Herrington & Sutcliffe, LLP | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | Paid by | Paid to | Initial | Amended |
|---|---|---|---|---|
| 1 | SPS | ████████████ , China | 26.0 | 26.0 |
| 2 | SPS | ███████████ | 19.0 | 19.0 |
| 3 | SPS | █████████████ , China | 4.2 | 4.2 |
| 4 | SPS | ██████████ , Korea | 5.2 | 5.2 |
| 5 | SPS | ███████ | 3.7 | 3.7 |
| | **Sub-total** | | **58.1** | **58.1** |
| 6 | NVT | █ | 24.0 | 30.9 |
| 7 | NVT | ██ | 23.0 | |
| 8 | NVT | Orrick, Herrington & Sutcliffe, LLP | 1.9 | 1.9 |
| 10 | SE Inc | ██ , USA | | 4.5 |
| 11 | SE Inc | ███ , USA | | 1.0 |
| 12 | SE Inc | ██ , USA | | 1.0 |
| | **Sub-total** | | **48.9** | **39.3** |
| 13 | SE Chile | various | | 20.0 |
| | **Grand total** | | **107.0** | **117.4** |

Thanks
KY Chow
☎ 65 – 6681 9326

**From:** Ashish Tulsyan
**Sent:** 12 January, 2016 11:04 AM
**To:** Ignacio Redondo; KY Chow
**Cc:** Zach Groves; Hemant Gandhi

**Subject:** RE: OCBC final

Nacho,

I will get AP team to work first thing on the invoice copy

**With regards,**
**Ashish**

---

**From:** Ignacio Redondo
**Sent:** Monday, January 11, 2016 9:00 PM
**To:** KY Chow
**Cc:** Zach Groves; Ashish Tulsyan
**Subject:** RE: OCBC final

Agree. Thanks for pushing.

Attached ▮ invoices. Orrick will be send today too. For ▮▮, ▮▮▮▮▮ and ▮▮▮, Ashish, can you help??? Ashish, it would be really important to send to KY right away. One of the ▮ invoices is more than 30 days overdue… Do we have to amend??

---

**From:** KY Chow
**Sent:** Monday, January 11, 2016 6:44 PM
**To:** Ignacio Redondo
**Cc:** Zach Groves
**Subject:** RE: OCBC final

Nacio – OCBC advised that with every changes, they need to revise and resubmit which will delay the approval.  Andy said he will push for approval by end today.

For a full accurate list, we need the full name of the SE Inc's entities and full names of the vendors.

1.    ▮▮▮ removed by you.
2.    SE Inc payment to TERP not allowed – inter-company.

When we submit the applications to OCBC, we need  the full bank details of the vendors.

I will call you later to discuss.

| Paid by | Paid to | Initial | Amended |
|---|---|---|---|
| SPS | ▮▮▮ | 26.0 | 26.0 |
| SPS | | 19.0 | 19.0 |
| SPS | | 4.2 | 4.2 |
| SPS | | 5.2 | 5.2 |
| SPS | | 3.7 | 3.7 |
| **Sub-total** | | **58.1** | **58.1** |
| | | | |
| NVT | ▮▮▮ | 24.0 | 24.0 |
| NVT | | 23.0 | 23.0 |
| NVT | Orrick, Herrington & Sutdiffe, LLP | 1.9 | 1.9 |
| SE Inc | ▮▮▮ | 6.2 | |
| SE Inc | | | 4.5 |
| SE Inc | | | 1.0 |
| SE Inc | | | 1.0 |
| **Sub-total** | | **55.1** | **32.4** |
| | | | |
| SE Chile | various | | 20.0 |
| | | | |
| **Grand total** | | **113.2** | **110.5** |

Thanks
KY Chow
☎ 65 – 6681 9326

---

**From:** Ignacio Redondo
**Sent:** 12 January, 2016 10:16 AM
**To:** KY Chow
**Cc:** Zach Groves
**Subject:** OCBC final
**Importance:** High

KY,

Couple of things, first I would like to get an update on how everything is going with OCBC. Second, I would like to update the list of invoices. ███ is not going to be paid out of OCBC, so, besides from the Solar Materials vendors we will pay (which have not changed), we will pay the following:

1. ███ $24 M, this has not changed
2. TERP: $6.2 M, this is a payment from SUNE Inc to TERP due under the MSA. I know this piece is tougher, but need to get it going.
3. ██████████ : $4.5 M. from SUNE Inc to ██████████
4. ██████ : $1 M, from SUNE Inc to ██████
5. ██████ :$ 1M from SUNE Inc to ██████

I assume you already have the invoices for SM vendors. For ███ and the rest of the invoices listed here I should be able to give them to you today, but please start the approval process for the new vendors / entities with OCBC.

When can we have their formal approval to vendors and entities?? I want to have it before we repay on Wednesday.

Thanks!!!

**Ignacio Redondo**
*CFO Solar Materials*

Mobile: + 1  (650) 670 53 94
Email: iredondo@sunedison.com

**SunEdison**
600 Clipper Drive
Belmont, CA
94002
www.sunedison.com



# EXHIBIT G

**To:**      Ignacio Redondo[IRedondo@sunedison.com]
**Cc:**      Hemant Gandhi[hgandhi@sunedison.com]; Jeremy Avenier[JAvenier@terraform.com]
**From:**    Zach Groves
**Sent:**    Thur 1/21/2016 2:52:40 PM
**Subject:** FW: Orrick

Nacho – this is potentially delaying Castle Gap, Hawaii, and Buckthorn financial closings as Orrick has been pencils down for over a month.  This is getting so much noise at the top that we need to either make this work in the next 24 hours or just pay it and replace with another vendor.  Can you answer a simple question = can we ensure this happens tonight –OR- do you know of other invoices that we can replace Orrick with that will be easier to process?  Sorry to put you on the spot.  Thanks.

---

**From:** Adam Brennaman
**Sent:** Thursday, January 21, 2016 12:25 PM
**To:** Marco McClees; Patrick Kay; Jennifer Chapman; Hemant Gandhi; Karleen Stern
**Cc:** Adam Horwitz; Jeanne Nicole Zapanta; Zach Groves; Chad Keeven; Daniel Gore
**Subject:** RE: Orrick

Marco,

After review of the invoices, they seem deficient based on the criteria set by OCBC.  For example, invoice 1542333 has a date of July 23, 2015 and is "Due Upon Receipt."  OCBC will not accept any invoices that are more than 30 days past due.  Therefore, the invoice must be revised to indicate a due date within the last 30 days.

Also, the currency must be explicitly stated on the invoice, rather than just the dollar sign.  Because $ is used for currencies other than USD, the currency must be made clear.

Please let me know if you have any further questions.

Thanks,

Adam

---

**From:** Marco McClees
**Sent:** Thursday, January 21, 2016 10:08 AM
**To:** Adam Brennaman; Patrick Kay; Jennifer Chapman; Hemant Gandhi; Karleen Stern
**Cc:** Adam Horwitz; Jeanne Nicole Zapanta; Zach Groves; Chad Keeven; Daniel Gore
**Subject:** RE: Orrick
**Importance:** High

Adam,

Thank you for sending this.  I was looking over the invoices that you sent and I want to clarify what next steps are.  Are there deficiencies with these invoices that resulted in them not being paid yet or is it simply that no one filled out the table below?

Looking through the list of criteria you sent, it looks like they have all been met other than a due date being written on the invoice but the four invoices you list below that have been processed and are being paid do not have this either.  Orrick is very upset with us right now and I need to be careful with having to back with them for any additional asks or reissuing invoices, etc. so I would appreciate if you can clarify exactly what needs to be done so these are not held up from payment any longer.

I'm also happy to discuss over the phone if it's easier.

Thank you,
Marco

**Marco McClees**
*Assistant General Counsel*
*Structured & Project Finance (Solar)*

Direct: (415) 229-8852
Mobile: (415) 412-7405
Email: mmcclees@sunedison.com



**From:** Adam Brennaman
**Sent:** Thursday, January 21, 2016 9:29 AM
**To:** Patrick Kay; Jennifer Chapman; Hemant Gandhi; Karleen Stern; Marco McClees
**Cc:** Adam Horwitz; Jeanne Nicole Zapanta; Zach Groves; Chad Keeven; Daniel Gore
**Subject:** RE: Orrick

Patrick,

Attached are the invoices that must be revised using the below criteria:

1.  Provide a table (see below) listing the invoices and bank details so that correct amounts are paid to the correct a/c;
2.  Type of currency must be stated in all invoices
3.  All invoices must be in English
4.  Due date (or payment term) must be stated in all invoice.  Invoices with due dates exceeding 30 days not allowed.
5.  Description of goods/services must be clear.
6.  Swift code of beneficiary's bank must be provided.
7.  Transport docs (Bill of Lading, Cargo Receipt, AWB, etc) or Service Reports must be provided (if applicable for goods)

## SUMMARY PAYMENT LIST

| Item | Paid by | Paid to | Invoice # | Invoice Date | Payment Due Date |
|------|---------|---------|-----------|--------------|------------------|
| 1 | Example:  SunEdison, Inc. | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | SUB-TOTAL | | | | |

Thus far, only the following invoices have been submitted to OCBC; I do not believe they have been paid yet, but should be paid today:

| Invoice # | Invoice Date ddmmyyyy | Payment Due Date | Currency | Amount |
|-----------|-----------------------|------------------|----------|--------|
| 1552220 | 11/19/2015 | 12/19/2015 | USD | 5,111.06 |
| 1562244 | 11/19/2015 | 12/19/2015 | USD | 97,850.47 |
| 1562251 | 11/19/2015 | 12/19/2015 | USD | 132.02 |

| 1562252 | 11/19/2015 | 1/18/2016 | USD | 726.11 |

If you have any questions, please let me know.

Thanks,

Adam

**From:** Patrick Kay
**Sent:** Thursday, January 21, 2016 8:57 AM
**To:** Jennifer Chapman; Adam Brennaman; Hemant Gandhi; Karleen Stern; Marco McClees
**Cc:** Adam Horwitz; Jeanne Nicole Zapanta; Zach Groves; Chad Keeven; Daniel Gore
**Subject:** RE: Orrick

Looping in Hemant, Karleen and Marco.

Karleen is on PTO, and Marco will be able to help us on this issue.


Adam,

Please send this group the listing of what has already been paid to Orrick through OCBC and what you have in the system that needs to be paid, but requires adjusted invoices. Also, please provide to this group the specific OCBC criteria required for the invoicing as well as turnaround time you expect once you receive the adjusted invoices.

Marco can help work with Orrick on the invoicing modifications. Marco, can you also please cross-reference Adam's list to yours to make sure we're capturing all invoices that need to be paid based on your information?

Thank you,
Patrick




**From:** Jennifer Chapman [mailto:JaChapman@sunedison.com]
**Sent:** Thursday, January 21, 2016 10:09 AM
**To:** Adam Brennaman; Patrick Kay
**Cc:** Adam Horwitz; Jeanne Nicole Zapanta; Zach Groves; Chad Keeven; Daniel Gore
**Subject:** RE: Orrick

Hi Adam

Karleen Stern would be the best person and has the relationship with the vendor.

Please see email chain that was going around January 12th from Karleen and I, provided all o/s payables.

Has anyone communicated to her the need to credit and rebill. Also based on the last "consolidated file" does not appear to be the entire population of payables.

Might be worth 10 minute call with the Karleen to advise the lender requirements.

Thanks
Jen

**From:** Adam Brennaman [mailto:cbrennaman@sunedison.com]
**Sent:** Wednesday, January 20, 2016 9:31 PM
**To:** Patrick Kay
**Cc:** Jennifer A. Chapman; Adam Horwitz; Nikki Zapanta; Zach Groves

**Subject:** Re: Orrick

Hi Patrick,

I'm not sure who has the relationship with the vendor.

Jen - do you know who the right person may be?

Thanks,

Adam

Sent from my iPhone
On Jan 20, 2016, at 6:21 PM, Patrick Kay <pkay@sunedison.com> wrote:

> Thanks Adam.
>
> Who should we speak with in terms of getting you revised invoices?

**From:** Adam Brennaman
**Sent:** Wednesday, January 20, 2016 9:11 PM
**To:** Patrick Kay
**Cc:** Jennifer Chapman; Adam Horwitz; Jeanne Nicole Zapanta; Zach Groves
**Subject:** Re: Orrick

Hi Patrick,

I expected approximately $100K to be paid last night. Since it was not processed last night, it should be processed tonight. Regarding the $1.1M invoices that needed to be revised, I haven't been given any revised invoices. Therefore, only the few invoices totaling $100K have been submitted.

Thanks,

Adam

Sent from my iPhone
On Jan 20, 2016, at 6:05 PM, Patrick Kay <pkay@sunedison.com> wrote:

> Hi Adam,
>
> Looping you in on the discussion chain below. I just spoke with Zach and he said that you'd be able to help us with a status update on Orrick payment through OCBC. This payment was approved early last week and my understanding was that it was in process several days ago. However, as of today, we've been told they still haven't received funds. Can you please give us an update as soon as possible?
>
> Thanks,
> Patrick

**From:** Jennifer Chapman [mailto:JaChapman@sunedison.com]
**Sent:** Wednesday, January 20, 2016 2:37 PM
**To:** Adam Horwitz; Jeanne Nicole Zapanta

Patrick

You referring to the details that are being paid out of OCBC in Singapore?

Thanks
Jen

---

**From:** Adam Horwitz
**Sent:** Wednesday, January 20, 2016 2:11 PM
**To:** Nikki Zapanta
**Cc:** Zach Groves; Patrick Kay; Jennifer A. Chapman
**Subject:** RE: Orrick

Ok, thanks Nikki

---

**From:** Nikki Zapanta
**Sent:** Wednesday, January 20, 2016 1:13 PM
**To:** Adam Horwitz
**Cc:** Zach Groves; Patrick Kay; Jennifer A. Chapman
**Subject:** Re: Orrick

Haven't received corp funding for this yet.  Can ask about it on cash call today.

Nikki Zapanta
On Jan 20, 2016, at 10:05 AM, "Adam Horwitz" <AHorwitz@sunedison.com> wrote:

Have these guys been paid?  Orrick is telling us they still haven't been.

Thanks
Adam

# EXHIBIT H

**To:** Marco McClees[mmcclees@sunedison.com]
**From:** ▮▮▮▮▮▮
**Sent:** Thur 1/21/2016 2:54:10 PM
**Subject:** RE: Invoice restatement
[Sun Edison Utility Holdings, Inc..pdf](#)
[Sun Edison LLC.PDF](#)

The numbers did match. See attached and let me know if this is what you need, or any changes?

▮▮▮▮▮▮▮

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*tel* 415.773.5570
*cell* 415.730.6610
[Orrick.com](#)

---

**From:** Marco McClees [mailto:mmcclees@sunedison.com]
**Sent:** Thursday, January 21, 2016 12:08 PM
**To:** ▮▮▮▮▮▮
**Subject:** Invoice restatement

Hi ▮▮

Here is what I was able to put together. As noted I left off invoice numbers: 1552220, 1562244, 1562251, 1562252 because these should have been already wired to you today.

| Invoice Date | Invoice # | Invoice Amount |
| --- | --- | --- |
| July 23, 2015 | 1542333 | $9,550.57 |
| August 17, 2015 | 1545899 | $18,538.59 |
| August 17, 2015 | 1545900 | $14,822.36 |
| August 17, 2015 | 1545903 | $1,227.95 |
| August 17, 2015 | 1545905 | $45,289.65 |
| August 17, 2015 | 1545909 | $3,119.09 |
| August 17, 2015 | 1545912 | $49,530.31 |
| August 17, 2015 | 1545881 | $33,763.90 |
| August 17, 2015 | 1545869 | $50,958.74 |
| September 28, 2015 | 1552318 | $13,623.69 |
| September 28, 2015 | 1552222 | $29,183.69 |
| September 28, 2015 | 1552221 | $393.60 |
| September 28, 2015 | 1552240 | $33,952.53 |
| September 28, 2015 | 1552254 | $121,260.43 |

| | | |
|---|---|---|
| September 28, 2015 | 1552326 | $59,752.35 |
| September 28, 2015 | 1552328 | $41,187.47 |
| September 28, 2015 | 1552329 | $22,472.51 |
| September 28, 2015 | 1552331 | $5,398.47 |
| September 28, 2015 | 1552219 | $627.10 |
| October 21, 2015 | 1557023 | $135,463.15 |
| October 21, 2015 | 1557026 | $111,021.94 |
| October 21, 2015 | 1557028 | $10,717.43 |
| October 21, 2015 | 1557029 | $68,739.59 |
| October 21, 2015 | 1557027 | $286,778.88 |
| October 21, 2015 | 1557020 | $1,768.90 |
| October 28, 2015 | 1557030 | $2,348.07 |
| November 19, 2015 | 1562249 | $3,344.78 |
| November 19, 2015 | 1562243 | $14,035.74 |
| November 19, 2015 | 1562245 | $96,455.21 |
| November 19, 2015 | 1562246 | $198,587.29 |
| November 19, 2015 | 1562247 | $5,853.60 |
| November 19, 2015 | 1562248 | $8,819.54 |
| November 18, 2015 | 1562250 | $810.26 |
| November 19, 2015 | 1562253 | $1,538.94 |
| November 19, 2015 | 1562254 | $18,255.66 |
| November 19, 2015 | 1562255 | $366.95 |
| November 19, 2015 | 1562256 | $2,862.21 |
| November 19, 2015 | 1562258 | $11,140.94 |
| November 19, 2015 | 1562259 | $6,088.50 |
| December 15, 2015 | 1566989 | $280,734.10 |
| December 15, 2015 | 1564327 | $87,275.08 |
| December 15, 2015 | 1566981 | $18,647.62 |
| December 15, 2015 | 1566982 | $12,152.40 |

| December 15, 2015 | 1566983 | $23,928.44 |
| December 15, 2015 | 1566984 | $13,007.25 |
| December 15, 2015 | 1566990 | $239,108.03 |
| December 15, 2015 | 1566985 | $608.85 |
| December 15, 2015 | 1567236 | $29,870.39 |
| December 15, 2015 | 1566482 | $1,261.74 |
| December 15, 2015 | 1566978 | $33,321.55 |
| December 17, 2015 | 1567234 | $6,164.76 |

| Total | | $2,285,730.79 |

Can you confirm this list matches your records and then send me the summary invoice we discussed?  Thanks,
Marco

**Marco McClees**
*Assistant General Counsel*
*Structured & Project Finance (Solar)*

Direct: (415) 229-8852
Mobile: (415) 412-7405
Email: <u>mmcclees@sunedison.com</u>

**SunEdison**
44 Montgomery St., Ste 2200
San Francisco, CA 94104
<u>www.sunedison.com</u>



Confidentiality Statement of SunEdison and its subsidiaries: The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer.
No Contract: Regardless of content, this email shall not operate to bind SunEdison or its subsidiaries to any purchase order or contract unless pursuant to a written agreement signed by SunEdison or its subsidiaries expressly permitting the use of email for such purpose.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

# EXHIBIT I



ORRICK

SunEdison Utility Holdings, Inc.                             January 21, 2016
44 Montgomery Street, Suite 2200                         Client No. 32493
San Francisco, CA 94104

Orrick Contact: ▮▮▮▮▮▮▮

FOR SERVICES RENDERED in relation to the invoices listed on the
attached Schedule:

**CURRENTLY DUE AND PAYABLE IN UNITED STATES
DOLLARS:**

                                              **US$**      2,099,790.65

In order to ensure proper credit to your account,
please reference your **INVOICE** and **CLIENT** numbers on your remittance.
For inquiries, call: (304) 231-2704.  Fax (304) 231-2501.

**REMITTANCE COPY - PLEASE RETURN WITH PAYMENT**

| **REMITTANCE ADDRESS:** | **ELECTRONIC FUNDS TRANSFERS:** | **OVERNIGHT DELIVERY:** |
|---|---|---|
| *Orrick, Herrington & Sutcliffe LLP* | ***ACH& Wire Transfers:*** | *Orrick, Herrington & Sutcliffe LLP* |
| *Dept 34461* | **ABA Number 121000248** | *c/o Wells Fargo Lockbox* |
| *P.O. Box 39000* | **SWIFT CODE:  WFBIUS6S** | *Attn:  Dept  34461* |
| *San Francisco, CA  94139* | **Account Number: 4123701088** | *3440 Walnut Avenue* |
| *Reference: 32493/ Invoice: 32493* | *Wells Fargo* | *Building A, Window H* |
| | *420 Montgomery Street* | *Fremont, CA  94538* |
| | *San Francisco, CA  94104* | *(904) 634-6350* |
| | *Account of* | *Reference: 32493/ Invoice: 32493* |
| | *Orrick, Herrington & Sutcliffe LLP* | |
| | *Reference: 32493/ Invoice: 32493* | |
| | *E.I.N. 94-2952627* | |

OHSUSA:764445109.1

**Sun Edison Utility Holdings, Inc.**

| Bill # | Date | Client | Client Name | Matter | Matter Name | Total AR |
|---|---|---|---|---|---|---|
| 1542333 | 7/23/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $9,550.57 |
| 1545899 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $18,538.59 |
| 1545900 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $14,822.36 |
| 1545903 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $1,227.95 |
| 1545905 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $45,289.65 |
| 1545909 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 8 | Buckthorn - Tax Equity Financing | $3,119.09 |
| 1545912 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $49,530.31 |
| 1552240 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $33,952.53 |
| 1552254 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $121,260.43 |
| 1552326 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $59,752.35 |
| 1552328 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $41,187.47 |
| 1552329 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $22,472.51 |
| 1552331 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 10 | Buckthorn - Development Matters | $5,398.47 |
| 1557023 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $135,463.15 |
| 1557026 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $111,021.94 |
| 1557027 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $286,778.88 |
| 1557029 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $68,739.59 |
| 1557030 | 10/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $2,348.07 |
| 1562243 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $14,035.74 |
| 1562245 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $96,455.21 |
| 1562246 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $198,587.29 |
| 1562247 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $5,853.60 |
| 1562248 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $8,819.54 |
| 1562253 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 4 | Castle Gap - Construction Debt Financing | $1,538.94 |
| 1562254 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 14 | Hawaii - Debt Financing | $18,255.66 |
| 1562255 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 15 | Castle Gap - Back-Leverage Debt Financin | $366.95 |
| 1562256 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 16 | Beacon Hill - Construction Debt Financin | $2,862.21 |
| 1562258 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 12 | Beacon Hill - Sale Transaction | $11,140.94 |
| 1562259 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 19 | Sunflower | $6,088.50 |
| 1564327 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $87,275.08 |
| 1566981 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 4 | Castle Gap - Construction Debt Financing | $18,647.62 |
| 1566982 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $12,152.40 |
| 1566983 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $23,928.44 |
| 1566984 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $13,007.25 |
| 1566985 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 15 | Castle Gap - Back-Leverage Debt Financin | $608.85 |
| 1566989 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $280,734.10 |
| 1566990 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 14 | Hawaii - Debt Financing | $239,108.03 |
| 1567236 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 20 | RockSprings | $29,870.39 |

**Total: $2,099,790.65**

# EXHIBIT J



ORRICK

Sun Edison LLC                                    January 21, 2016
Attn: Karleen Stern                               Client No. 21025
44 Montgomery Street, Suite 2200
San Francisco, CA 94104

                                    Orrick Contact: ████████

FOR SERVICES RENDERED in relation to the invoices listed on the
attached Schedule:

**CURRENTLY DUE AND PAYABLE IN UNITED STATES
DOLLARS:**

                                    **US$**        185,940.14

**DUE UPON RECEIPT**

In order to ensure proper credit to your account,
please reference your **INVOICE** and **CLIENT** numbers on your remittance.
For inquiries, call: (304) 231-2704. Fax (304) 231-2501.

**REMITTANCE COPY - PLEASE RETURN WITH PAYMENT**

| **REMITTANCE ADDRESS:** | **ELECTRONIC FUNDS TRANSFERS:** | **OVERNIGHT DELIVERY:** |
|---|---|---|
| *Orrick, Herrington & Sutcliffe LLP* | ***ACH& Wire Transfers:*** | *Orrick, Herrington & Sutcliffe LLP* |
| *Dept 34461* | **ABA Number 121000248** | *c/o Wells Fargo Lockbox* |
| *P.O. Box 39000* | **SWIFT CODE: WFBIUS6S** | *Attn: Dept 34461* |
| *San Francisco, CA 94139* | **Account Number: 4123701088** | *3440 Walnut Avenue* |
| *Reference: 21025/ Invoice: 21025* | *Wells Fargo* | *Building A, Window H* |
| | *420 Montgomery Street* | *Fremont, CA 94538* |
| | *San Francisco, CA 94104* | *(904) 634-6350* |
| | *Account of* | *Reference: 21025/ Invoice: 21025* |
| | *Orrick, Herrington & Sutcliffe LLP* | |
| | *Reference: 21025/ Invoice: 21025* | |
| | *E.I.N. 94-2952627* | |

OHSUSA:764445116.1

# Sun Edison LLC

| Bill # | Date | Client | Client Name | Matter | Matter Name | Total AR |
|--------|------|--------|-------------|--------|-------------|----------|
| 1545869 | 8/17/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $50,958.74 |
| 1545881 | 8/17/2015 | 21025 | Sun Edison LLC | 178 | DG Working Capital Revolver | $33,763.90 |
| 1552219 | 9/28/2015 | 21025 | Sun Edison LLC | 176 | Special Environmental Review | $627.10 |
| 1552221 | 9/28/2015 | 21025 | Sun Edison LLC | 180 | Form DG Storage Contracts | $393.60 |
| 1552222 | 9/28/2015 | 21025 | Sun Edison LLC | 178 | DG Working Capital Revolver | $29,183.69 |
| 1552318 | 9/28/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $13,623.69 |
| 1557020 | 10/21/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $1,768.90 |
| 1557028 | 10/21/2015 | 21025 | Sun Edison LLC | 174 | Placed-in-Service Ruling Request | $10,717.43 |
| 1562249 | 11/19/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $3,344.78 |
| 1562250 | 11/19/2015 | 21025 | Sun Edison LLC | 174 | Placed-in-Service Ruling Request | $810.26 |
| 1566482 | 12/15/2015 | 21025 | Sun Edison LLC | 184 | Tranquility Opinion | $1,261.74 |
| 1566978 | 12/15/2015 | 21025 | Sun Edison LLC | 187 | Otis DLA Solar Project | $33,321.55 |
| 1567234 | 12/17/2015 | 21025 | Sun Edison LLC | 188 | Puerto Rico Sale | $6,164.76 |

**Total: $185,940.14**

# EXHIBIT K

**To:**      KY Chow[K.Y.Chow@sunedison.com]
**Cc:**      ~033116Clarrissa Lim[limc@sunedison.com]
**From:**     Adam Brennaman
**Sent:**     Thur 1/21/2016 4:30:45 PM
**Subject:**    ██████, ████, and Orrick Invoices

Orrick Invoice SunEdison Utility.pdf
Orrick Invoice SunEdison, Inc.PDF
██  Invoice.pdf
██  Invoice K09316310 invoice.pdf

Hi KY,

Please see the revised invoices for ██████ and Orrick attached as well as an invoice for ██ to be submitted to OCBC.  I believe these should be compliant with OCBC criteria.  Orrick invoices are for legal services and ██ is services related to a bond issuance. All are to be paid in USD.

Please let me know if you have any questions.

Thanks,

Adam

# EXHIBIT L

**To:** Marco McClees[mmcclees@sunedison.com]
**From:** ████████
**Sent:** Thur 1/21/2016 7:00:55 PM
**Subject:** RE: Invoice restatement

[SunEdison Letter.pdf](SunEdison Letter.pdf)

See attached, as you requested.

████████

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*tel* 415.773.5570
*cell* 415.730.6610
████████[Orrick.com](Orrick.com)

---

**From:** ████████
**Sent:** Thursday, January 21, 2016 2:50 PM
**To:** 'Marco McClees'
**Subject:** RE: Invoice restatement

On quick look, this looks fine. We'll review more carefully and get back to you.

████████

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*tel* 415.773.5570
*cell* 415.730.6610
████████[Orrick.com](Orrick.com)

---

**From:** Marco McClees [[mailto:mmcclees@sunedison.com](mailto:mmcclees@sunedison.com)]
**Sent:** Thursday, January 21, 2016 2:35 PM
**To:** ████████
**Subject:** RE: Invoice restatement

Hi ████

Preliminary indications I'm getting from our team is that the summary invoices you sent should work but I'm still waiting for final confirmation.

Our accounting team has asked for one more item when you have a chance. This isn't needed today to make the wires but rather for support so we can mark-off all of the old invoices in our system as paid. Would Orrick be able to provide the attached (or something similar) that I can send my accounting team?

Thank you again,
Marco

**Marco McClees**
*Assistant General Counsel*
*Structured & Project Finance (Solar)*

Direct: (415) 229-8852
Mobile: (415) 412-7405
Email: [mmcclees@sunedison.com](mailto:mmcclees@sunedison.com)

**SunEdison**
44 Montgomery St., Ste 2200

San Francisco, CA 94104
www.sunedison.com



**From:** ███████ [mailto:████████orrick.com]
**Sent:** Thursday, January 21, 2016 1:03 PM
**To:** Marco McClees
**Subject:** RE: Invoice restatement

Perfect, let me know if any changes.  As of a couple hours ago we had not received wires, but I'll check again and let you know if we receive.

████████

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*tel* 415.773.5570
*cell* 415.730.6610
████████Orrick.com

**From:** Marco McClees [mailto:mmcclees@sunedison.com]
**Sent:** Thursday, January 21, 2016 1:00 PM
**To:** ████████
**Subject:** RE: Invoice restatement

Thanks so much ███  I'm running these by our AP/treasury team right now to confirm we're good to go.  Were you able to check yet to see if the amounts came in for those 4 other invoices today?

**Marco McClees**
*Assistant General Counsel*
*Structured & Project Finance (Solar)*

Direct: (415) 229-8852
Mobile: (415) 412-7405
Email: mmcclees@sunedison.com

**SunEdison**
44 Montgomery St., Ste 2200
San Francisco, CA 94104
www.sunedison.com



**From:** ███████ [mailto:████████orrick.com]
**Sent:** Thursday, January 21, 2016 12:54 PM
**To:** Marco McClees
**Subject:** RE: Invoice restatement

The numbers did match. See attached and let me know if this is what you need, or any changes?

████████

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*tel* 415.773.5570
*cell* 415.730.6610
████████Orrick.com

**From:** Marco McClees [mailto:mmcclees@sunedison.com]
**Sent:** Thursday, January 21, 2016 12:08 PM
**To:** 
**Subject:** Invoice restatement

Hi ▮

Here is what I was able to put together.  As noted I left off invoice numbers: 1552220, 1562244, 1562251, 1562252 because these should have been already wired to you today.

| Invoice Date | Invoice # | Invoice Amount |
| --- | --- | --- |
| July 23, 2015 | 1542333 | $9,550.57 |
| August 17, 2015 | 1545899 | $18,538.59 |
| August 17, 2015 | 1545900 | $14,822.36 |
| August 17, 2015 | 1545903 | $1,227.95 |
| August 17, 2015 | 1545905 | $45,289.65 |
| August 17, 2015 | 1545909 | $3,119.09 |
| August 17, 2015 | 1545912 | $49,530.31 |
| August 17, 2015 | 1545881 | $33,763.90 |
| August 17, 2015 | 1545869 | $50,958.74 |
| September 28, 2015 | 1552318 | $13,623.69 |
| September 28, 2015 | 1552222 | $29,183.69 |
| September 28, 2015 | 1552221 | $393.60 |
| September 28, 2015 | 1552240 | $33,952.53 |
| September 28, 2015 | 1552254 | $121,260.43 |
| September 28, 2015 | 1552326 | $59,752.35 |
| September 28, 2015 | 1552328 | $41,187.47 |
| September 28, 2015 | 1552329 | $22,472.51 |
| September 28, 2015 | 1552331 | $5,398.47 |
| September 28, 2015 | 1552219 | $627.10 |
| October 21, 2015 | 1557023 | $135,463.15 |
| October 21, 2015 | 1557026 | $111,021.94 |
| October 21, 2015 | 1557028 | $10,717.43 |

| Date | Number | Amount |
|---|---|---|
| October 21, 2015 | 1557029 | $68,739.59 |
| October 21, 2015 | 1557027 | $286,778.88 |
| October 21, 2015 | 1557020 | $1,768.90 |
| October 28, 2015 | 1557030 | $2,348.07 |
| November 19, 2015 | 1562249 | $3,344.78 |
| November 19, 2015 | 1562243 | $14,035.74 |
| November 19, 2015 | 1562245 | $96,455.21 |
| November 19, 2015 | 1562246 | $198,587.29 |
| November 19, 2015 | 1562247 | $5,853.60 |
| November 19, 2015 | 1562248 | $8,819.54 |
| November 18, 2015 | 1562250 | $810.26 |
| November 19, 2015 | 1562253 | $1,538.94 |
| November 19, 2015 | 1562254 | $18,255.66 |
| November 19, 2015 | 1562255 | $366.95 |
| November 19, 2015 | 1562256 | $2,862.21 |
| November 19, 2015 | 1562258 | $11,140.94 |
| November 19, 2015 | 1562259 | $6,088.50 |
| December 15, 2015 | 1566989 | $280,734.10 |
| December 15, 2015 | 1564327 | $87,275.08 |
| December 15, 2015 | 1566981 | $18,647.62 |
| December 15, 2015 | 1566982 | $12,152.40 |
| December 15, 2015 | 1566983 | $23,928.44 |
| December 15, 2015 | 1566984 | $13,007.25 |
| December 15, 2015 | 1566990 | $239,108.03 |
| December 15, 2015 | 1566985 | $608.85 |
| December 15, 2015 | 1567236 | $29,870.39 |
| December 15, 2015 | 1566482 | $1,261.74 |
| December 15, 2015 | 1566978 | $33,321.55 |
| December 17, 2015 | 1567234 | $6,164.76 |

| Total | $2,285,730.79 |
|-------|---------------|

Can you confirm this list matches your records and then send me the summary invoice we discussed?  Thanks, Marco

**Marco McClees**
*Assistant General Counsel*
*Structured & Project Finance (Solar)*

Direct: (415) 229-8852
Mobile: (415) 412-7405
Email: **mmcclees@sunedison.com**

**SunEdison**
44 Montgomery St., Ste 2200
San Francisco, CA 94104
**www.sunedison.com**



Confidentiality Statement of SunEdison and its subsidiaries: The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer.
No Contract: Regardless of content, this email shall not operate to bind SunEdison or its subsidiaries to any purchase order or contract unless pursuant to a written agreement signed by SunEdison or its subsidiaries expressly permitting the use of email for such purpose.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and

please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

# EXHIBIT M

From: Orrick Herrington & Sutcliffe

To:
SunEdison
44 Montgomery Street, Suite 2200
San Francisco, CA 94104
Attention: Accounting Department

January 21, 2016

Per SunEdison's request, Orrick, Herrington & Sutcliffe LLP has issued an invoice dated
January 21, 2016 as an aggregated invoice for the below listed invoices which were previously
submitted to SunEdison. The payment of USD 2,099,790.65 (Two Million Ninety-Nine
Thousand Seven Hundred and Ninety US Dollars and Sixty-Five Cents) against this aggregated
invoice shall be applied against the below listed invoices and close all amounts outstanding
against the below listed invoices.

| Invoice# | Date | Client | Client Name | Matter | Matter Name | Total AR |
|---|---|---|---|---|---|---|
| 1542333 | 7/23/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $9,550.57 |
| 1545899 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $18,538.59 |
| 1545900 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $14,822.36 |
| 1545903 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $1,227.95 |
| 1545905 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $45,289.65 |
| 1545909 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 8 | Buckthorn - Tax Equity Financing | $3,119.09 |
| 1545912 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $49,530.31 |
| 1552240 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $33,952.53 |
| 1552254 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $121,260.43 |
| 1552326 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $59,752.35 |
| 1552328 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $41,187.47 |
| 1552329 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $22,472.51 |
| 1552331 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 10 | Buckthorn - Development Matters | $5,398.47 |
| 1557023 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $135,463.15 |
| 1557026 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $111,021.94 |
| 1557027 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $286,778.88 |
| 1557029 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $68,739.59 |
| 1557030 | 10/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $2,348.07 |
| 1562243 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $14,035.74 |
| 1562245 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $96,455.21 |
| 1562246 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $198,587.29 |
| 1562247 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $5,853.60 |
| 1562248 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $8,819.54 |
| 1562253 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 4 | Castle Gap - Construction Debt Financing | $1,538.94 |
| 1562254 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 14 | Hawaii - Debt Financing | $18,255.66 |
| 1562255 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 15 | Castle Gap - Back-Leverage Debt Financing | $366.95 |
| 1562256 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 16 | Beacon Hill - Construction Debt Financing | $2,862.21 |
| 1562258 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 12 | Beacon Hill - Sale Transaction | $11,140.94 |
| 1562259 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 19 | Sunflower | $6,088.50 |
| 1564327 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $87,275.08 |
| 1566981 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 4 | Castle Gap - Construction Debt Financing | $18,647.62 |
| 1566982 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $12,152.40 |
| 1566983 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $23,928.44 |
| 1566984 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $13,007.25 |
| 1566985 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 15 | Castle Gap - Back-Leverage Debt Financing | $608.85 |
| 1566989 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $280,734.10 |
| 1566990 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 14 | Hawaii - Debt Financing | $239,108.03 |
| 1567236 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 20 | RockSprings | $29,870.39 |

Also per SunEdison's request, Orrick, Herrington & Sutcliffe LLP has issued an invoice dated January 21, 2016 as an aggregated invoice for the below listed invoices which were previously submitted to SunEdison. The payment of USD 185,940.14 (One Hundred Eighty-Five Thousand Nine Hundred Forty US Dollars and Fourteen Cents) against this aggregated invoice shall be applied against the below listed invoices and close all amounts outstanding against the below listed invoices.

| Invoice# | Date | Client | Client Name | Matter | Matter Name | Total AR |
|----------|------|--------|-------------|--------|-------------|----------|
| 1545869 | 8/17/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $50,958.74 |
| 1545881 | 8/17/2015 | 21025 | Sun Edison LLC | 178 | DG Working Capital Revolver | $33,763.90 |
| 1552219 | 9/28/2015 | 21025 | Sun Edison LLC | 176 | Special Environmental Review | $627.10 |
| 1552221 | 9/28/2015 | 21025 | Sun Edison LLC | 180 | Form DG Storage Contracts | $393.60 |
| 1552222 | 9/28/2015 | 21025 | Sun Edison LLC | 178 | DG Working Capital Revolver | $29,183.69 |
| 1552318 | 9/28/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $13,623.69 |
| 1557020 | 10/21/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $1,768.90 |
| 1557028 | 10/21/2015 | 21025 | Sun Edison LLC | 174 | Placed-in-Service Ruling Request | $10,717.43 |
| 1562249 | 11/19/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $3,344.78 |
| 1562250 | 11/19/2015 | 21025 | Sun Edison LLC | 174 | Placed-in-Service Ruling Request | $810.26 |
| 1566482 | 12/15/2015 | 21025 | Sun Edison LLC | 184 | Tranquility Opinion | $1,261.74 |
| 1566978 | 12/15/2015 | 21025 | Sun Edison LLC | 187 | Otis DLA Solar Project | $33,321.55 |
| 1567234 | 12/17/2015 | 21025 | Sun Edison LLC | 188 | Puerto Rico Sale | $6,164.76 |

Sincerely,

███████████████

*per Orrick Herrington & Sutcliffe*

Orrick, Herrington & Sutcliffe LLP

# EXHIBIT N


**OCBC** Bank

# Invoice Financing (Purchase)

All information is required unless stated.

**1** Your company details

Company name
SUNEDISON PRODUCTS SINGAPORE PTE LTD

Company address
11 Lorong 3 Toa Payoh

Blk B Jackson Square 4th Floor

Singapore 319579

Contact person
CLARRISSA LIM

Contact number          Fax number
6681-9386               6681-9301

**2** Loan details

Currency   Invoice Amount
USD   185,940.14

Loan duration
0 9 0 days

Loan Amount ‣ *Should not exceed invoice amount*
USD   185,940.14

☐ Request loan amount in another currency

**Optional**

Foreign exchange (FX)        ☐ Bank's prevailing FX rate
to be used:              ☐ FX contract ‣ *if any*
                  Rate          Dealer name              *Optional* ‣ FX contract no.   Amount

Description of merchandise
PROFESSIONAL SERVICES

**3** How do you want to pay the recipient?

Payment method   ☑ Telegraphic transfer
‣ *Select one*    ☐ Cashier's order

Recipient details   Recipient name
          ORRICK, HERRINGTON & SUTCLIFFE LLP

Account Number
4123701088

SWIFT code ‣ *if any*
WFBIUS6S

Recipient bank's name
WELLS FARGO

Recipient correspondent bank's SWIFT code ‣ *Optional*

Recipient bank's address
420 MONTGOMERY STREET, SAN FRANCISCO, CA 94104

UNITED STATES

Payment details   Currency   Amount to send
          USD   185,940.14
          Invoice numbers and dates ‣ *Separate with commas*
          Inv No. 21025

**4** Who should bear the charges? ‣ *Select one*

☐ Recipient to bear all charges, including OCBC bank charges
☑ You will pay for OCBC bank charges only
☐ You will pay for all charges including correspondent bank's charges
   ‣ Account number
   503213365301

**5** Any additional instructions

**6** Authorised signature(s)

By signing this application, you confirm that you have read, understood and agree to be bound by the Terms & Conditions for Invoice Financing (Purchase) as stated on www.ocbc.com.

You authorise us to charge all bank charges to your account.

Signature(s)

You faxed this document to us on ‣ *DD/MM/YY*   Number of pages faxed
2 2 / 0 1 / 1 6          5



685c3359-60bb-4281-8106-2aec9f895d35



53e8620e-f6a1-48df-a807-9571d9059ab5

## What to do next

Trade hotline number: 6318 7777



Print and sign



Submit form with attached documents to any of the following branches/trade service centres:

**OCBC Centre South**
18 Church St #04-00,
OCBC Centre South
Singapore 049479

Mon - Fri : 9 am-6 pm

**OCBC Ubi Branch**
Blk 302 Ubi Ave 1 #01-59/63
Singapore 400302

Mon - Fri : 10 am-5.30 pm

**OCBC Tampines Centre**
31 Tampines Ave 4 #02-00
OCBC Tampines Centre 2
Singapore 529680

Mon - Fri : 9 am-6 pm

**OCBC Bukit Batok**
Blk 637 Bukit Batok Central #01-16
Singapore 650637

Mon - Fri : 9.30 am-5 pm

## For bank's use

| Signature verified by | Input by | Reference number | Approved by |
|---|---|---|---|
|  |  |  |  |

# Terms and Conditions for Invoice Financing (Purchase) (the "Agreement")

1. We confirm the invoice/s have not been paid and we have not and will not obtain any other financing pertaining to the underlying transaction from any other party. We declare that the underlying trade transaction is genuine.

2. We undertake to indemnify the Bank in full and keep the Bank indemnified in full against all liabilities, losses, damages, costs, expenses, claims and demands which the Bank may suffer, incur or sustain by reason or on account of the Bank granting Invoice Financing to us howsoever, including without limitation, all legal and other costs (on a full indemnity basis), charges and expenses the Bank may incur in connection with the enforcement, or attempted enforcement of the Bank's rights under or in connection with this Agreement.

3. In addition to any general lien, right of set-off or any other right to which the Bank may be entitled by law or contract, the Bank may at any time at its discretion and without notice to us earmark, set-off, debit or transfer any sum or sums standing to the credit of our account from time to time (including any fixed deposit account, notwithstanding that any deposit on such fixed deposit account has not matured or any of the special conditions applicable to the deposit have not been satisfied) in or towards payment or satisfaction of all or any monies or liabilities (whether actual or contingent) due or owing to the Bank under or in connection with or in respect of the Invoice Financing. Any and all currency conversions shall be at the Bank's prevailing foreign exchange rate unless otherwise arranged beforehand.

4. We also irrevocably and unconditionally undertake and agree that where any goods and services tax or other taxes levies or charges whatsoever are now or hereafter required imposed or enforced by law (including the Goods and Services Tax Act (Cap 117A)) or required to be paid on or in respect of any monies (including fees payable to the Bank or its agent banks or any fees costs and expenses incurred by the Bank or its agent banks), they shall be borne by or chargeable to us and payable by us to the Bank on demand in addition to all other monies payable to the Bank and the Bank is entitled to debit any of our account with the Bank for payment of the Bank's commission, expenses, costs (legal or otherwise) and agent charges if any together with such taxes under or in connection with or in respect of this Agreement and the transactions contemplated thereunder.

5. Pursuant to any sanctions now and from time to time imposed by the United States of America, the European Union, the United Nations and/or any other regulatory or supervisory authority or body, the Bank shall not examine, accept, reject, discount or otherwise handle or deal with any documents, shipments, goods, payments and/or transactions in connection therewith that may relate, whether directly or indirectly, to any sanctioned countries, persons and/or parties. Accordingly, any presentation that may violate any of the aforesaid sanctions and/or applicable laws giving effect to the same may be rejected at the Bank's sole discretion without any liability whatsoever on the Bank's part.

6. We irrevocably consent to the disclosure by the Bank, the Bank's officers, agents and the Bank's overseas branches, in any manner howsoever, of any account information relating to us including but not limited to details of our facilities, the securities taken, our credit balances and deposit with the Bank to (i) the Bank's head office, any of the Bank's representatives, documents checking and processing centres and branch offices in any jurisdiction, affiliates, (ii) any regulatory or supervisory authority including fiscal authority in any jurisdiction, (iii) any potential assignee of the Bank or any other participant in any of the Bank's rights and/or obligations in relation to our facilities, (iv) any guarantors, third party pledgors or security providers and the Bank's agents and independent contractors, (v) any insurers with whom insurance cover is taken out in connection with our application, and (vi) any third party for use in connection with the provision of Bank's products or services.

7. Each of the provisions of this Agreement shall be several and distinct from one another. If any one or more of the provisions contained in this Agreement shall be deemed invalid, unlawful or unenforceable in any respect under any applicable law, the validity, legality and enforceability of each of the remaining provisions contained herein shall not in any way be affected, prejudiced or impaired thereby.

8. A person who is not a party to the terms herein has no right under the Contracts (Rights of Third Parties) Act (Cap 53B) to enforce any of the terms and conditions herein.

9. This Agreement shall be governed by and construed in accordance with the laws of Singapore. We agree to submit to the non-exclusive jurisdiction of the courts in Singapore in respect of any disputes arising out of or in connection with this Agreement. Without prejudice to the foregoing, we undertake not to commence proceedings or suits against the Bank in the courts of any other jurisdiction. In the event of any proceedings or suits commenced by us against the Bank, we agree that Singapore Courts shall have exclusive jurisdiction in respect of any disputes arising out of or in connection with this Agreement. We agree to waive and do so waive any right vested on us by the laws of the jurisdiction in which we carry on business to challenge the validity or legality of any part of this provision.



**ORRICK**

Sun Edison LLC
Attn: Karleen Stern
44 Montgomery Street, Suite 2200
San Francisco, CA 94104

January 21, 2016
Invoice No. 21025

Orrick Contact: ▉▉▉▉▉▉▉▉

FOR SERVICES RENDERED in relation to the invoices listed on the
attached Schedule:

**CURRENTLY DUE AND PAYABLE IN UNITED STATES
DOLLARS:**

| | |
|---|---|
| **US$** | 185,940.14 |

**DUE UPON RECEIPT**

In order to ensure proper credit to your account,
please reference your **INVOICE** and **CLIENT** numbers on your remittance.
For inquiries, call: (304) 231-2704. Fax (304) 231-2501.

**REMITTANCE COPY - PLEASE RETURN WITH PAYMENT**

**REMITTANCE ADDRESS:**

*Orrick, Herrington & Sutcliffe LLP*
*Dept 34461*
*P.O. Box 39000*
*San Francisco, CA 94139*
*Reference: 21025/ Invoice: 21025*

**ELECTRONIC FUNDS
TRANSFERS:**
***ACH& Wire Transfers:***
**ABA Number 121000248**
**SWIFT CODE: WFBIUS6S**
**Account Number: 4123701088**
*Wells Fargo*
*420 Montgomery Street*
*San Francisco, CA 94104*
*Account of*
*Orrick, Herrington & Sutcliffe LLP*
*Reference: 21025/ Invoice: 21025*
*E.I.N. 94-2952627*

**OVERNIGHT DELIVERY:**

*Orrick, Herrington & Sutcliffe LLP*
*c/o Wells Fargo Lockbox*
*Attn: Dept 34461*
*3440 Walnut Avenue*
*Building A, Window H*
*Fremont, CA 94538*
*(904) 634-6350*
*Reference: 21025/ Invoice: 21025*

OHSUSA:764445116.1

**Sun Edison LLC**

| Bill # | Date | Client | Client Name | Matter | Matter Name | Total AR |
|--------|------|--------|-------------|--------|-------------|----------|
| 1545869 | 8/17/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $50,958.74 |
| 1545881 | 8/17/2015 | 21025 | Sun Edison LLC | 178 | DG Working Capital Revolver | $33,763.90 |
| 1552219 | 9/28/2015 | 21025 | Sun Edison LLC | 176 | Special Environmental Review | $627.10 |
| 1552221 | 9/28/2015 | 21025 | Sun Edison LLC | 180 | Form DG Storage Contracts | $393.60 |
| 1552222 | 9/28/2015 | 21025 | Sun Edison LLC | 178 | DG Working Capital Revolver | $29,183.69 |
| 1552318 | 9/28/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $13,623.69 |
| 1557020 | 10/21/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $1,768.90 |
| 1557028 | 10/21/2015 | 21025 | Sun Edison LLC | 174 | Placed-in-Service Ruling Request | $10,717.43 |
| 1562249 | 11/19/2015 | 21025 | Sun Edison LLC | 182 | Advanced Microgrid Solutions | $3,344.78 |
| 1562250 | 11/19/2015 | 21025 | Sun Edison LLC | 174 | Placed-in-Service Ruling Request | $810.26 |
| 1566482 | 12/15/2015 | 21025 | Sun Edison LLC | 184 | Tranquility Opinion | $1,261.74 |
| 1566978 | 12/15/2015 | 21025 | Sun Edison LLC | 187 | Otis DLA Solar Project | $33,321.55 |
| 1567234 | 12/17/2015 | 21025 | Sun Edison LLC | 188 | Puerto Rico Sale | $6,164.76 |

**Total: $185,940.14**

# EXHIBIT O

**To:** Patrick Kay[pkay@sunedison.com]; Will Chinn[wchinn@sunedison.com]; Adam Brennaman[cbrennaman@sunedison.com];
**Cc:** Karleen Stern[KStern@sunedison.com]; Sujay Parikh[sparikh@sunedison.com]; Joyce Chang@jchang@sunedison.com];
Tanya Willacy[twillacy@sunedison.com]
**From:** Marco McClees
**Sent:** Fri 1/22/2016 10:36:45 AM
**Subject:** FW: Wire from SunEdison
SunEdison Letter.pdf

All,

Orrick just confirmed that they received payment for the outstanding C&I invoices from 2015 (see below). The attached letter from Orrick confirms which invoices these relate to. The second list in the attached letter are the C&I invoices (with the exception of invoice numbers 1557028 and 1562250, which are utility invoices).

One additional note for the C&I team, invoice number 1566482 (Tranquility Opinion) actually should have been paid by Recurrent and not SunEdison per our agreement with Recurrent (Tuukka Hess has been handling this). I can coordinate with Orrick today to figure out a way to resolve this which hopefully will result in a credit back to SunEdison.

Thanks,
Marco

**Marco McClees**
*Assistant General Counsel*
*Structured & Project Finance (Solar)*

Direct: (415) 229-8852
Mobile: (415) 412-7405
Email: mmcclees@sunedison.com

SunEdison
44 Montgomery St., Ste 2200
San Francisco, CA 94104
www.sunedison.com



**From:** ██████████ [mailto:████████orrick.com]
**Sent:** Friday, January 22, 2016 8:25 AM
**To:** Marco McClees
**Subject:** FW: Wire from SunEdison

Marco, We've received one wire, below, and I'll follow up later today and Monday to confirm others

████████████

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*tel* 415.773.5570
*cell* 415.730.6610
████████Orrick.com

---

| 1/22/2016 | 195 / INCOMING MONEY TRANSFER | | Credit Amount: | 185,905.14 |
| | **Cust Ref:** COMPLETE | | **Bank Ref:** | |

**Unique ID:** RG160122018190
**Wells Ref:** 160122018190
0001 BANK OF NEW YORK MELLON CORPORATION ONE WALL STREET NEW YORK, NY F1S1601225859800 OGB=OVE
RSEA-CHINESE BANKING CORP LTD OCBC CENTRE FLOOR 9 65 CHULIA ST. SINGAPORE SINGAPORE ORG=SUNEDI
SON PRODUCTS SINGAPORE PTE. L 11 LORONG 3 TOA PAYOH BLK B JACKSON SQUARE 4TH FLOOR SINGAPORE 3
19579 RFB=IF5TF61013553 OBI=/INV/ 21025 OPI=501039068101 /FTR/ BNF=4123701088 ORRICK HERRING
AND SUTCLIFFE LLP BBI=LESS FEES CHP=262406
Completed Timestamp 160122060132 (Time Released)

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

# EXHIBIT P


**OCBC** Bank

# Invoice Financing (Purchase)

All information is required unless stated.

**① Your company details**

Company name
SUNEDISON PRODUCTS SINGAPORE PTE LTD

Company address | Contact person
11 Lorong 3 Toa Payoh | CLARRISSA LIM

Blk B Jackson Square 4th Floor | Contact number | Fax number
Singapore 319579 | 6681-9386 | 6681-9301

**② Loan details**

Currency | Invoice Amount | Loan duration
USD ▸ 2,099,790.65 | 0 9 0 days

Loan Amount ▸ *Should not exceed invoice amount*
USD 2,099,790.65 | ☐ Request loan amount in another currency

Optional

Foreign exchange (FX)
to be used:
☐ Bank's prevailing FX rate
☐ FX contract ▸ *if any*

Rate | Dealer name | *Optional* ▸ FX contract no. | Amount

Description of merchandise
PROFESSIONAL SERVICES

**③ How do you want to pay the recipient?**

Payment method | ☑ Telegraphic transfer
▸ *Select one* | ☐ Cashier's order

Recipient details | Recipient name | Account Number
| ORRICK, HERRINGTON & SUTCLIFFE LLP | 4123701088
| | SWIFT code ▸ *if any*
| Recipient bank's name | WFBIUS6S
| WELLS FARGO | Recipient correspondent bank's SWIFT code ▸ *Optional*

| Recipient bank's address
| 420 MONTGOMERY STREET, SAN FRANCISCO, CA 94104
| UNITED STATES

Payment details | Currency | Amount to send
| USD ▸ 2,099,790.65
| Invoice numbers and dates ▸ *Separate with commas*
| Inv No. 32493

**④ Who should bear the charges?** ▸ *Select one*
☐ Recipient to bear all charges, including OCBC bank charges
☑ You will pay for OCBC bank charges only
☐ You will pay for all charges including correspondent bank's charges
▸ Account number
503213365301

**⑤ Any additional instructions**

**⑥ Authorised signature(s)**

By signing this application, you confirm that you have read, understood and agree to be bound by the Terms & Conditions for Invoice Financing (Purchase) as stated on www.ocbc.com.

You authorise us to charge all bank charges to your account.

Signature(s)

You faxed this document to us on ▸ *DD/MM/YY*
2 6 / 0 1 / 1 6

Number of pages faxed
5



685c3359-60bb-4281-8106-2aec9f895d35



53e8620e-f6a1-48df-a807-9571d9059ab5

---

**What to do next**

Trade hotline number: 6318 7777



Print and sign

Submit form with attached documents to any of the following branches/trade service centres:

**OCBC Centre South**
18 Church St #04-00,
OCBC Centre South
Singapore 049479

Mon - Fri : 9 am-6 pm

**OCBC Ubi Branch**
Blk 302 Ubi Ave 1 #01-59/63
Singapore 400302

Mon - Fri : 10 am-5.30 pm

**OCBC Tampines Centre**
31 Tampines Ave 4 #02-00
OCBC Tampines Centre 2
Singapore 529680

Mon - Fri : 9 am-6 pm

**OCBC Bukit Batok**
Blk 637 Bukit Batok Central #01-16
Singapore 650637

Mon - Fri : 9.30 am-5 pm

---

**For bank's use**

| Signature verified by | Input by | Reference number | Approved by |
| --- | --- | --- | --- |
| | | | |

# Terms and Conditions for Invoice Financing (Purchase) (the "Agreement")

1. We confirm the invoice/s have not been paid and we have not and will not obtain any other financing pertaining to the underlying transaction from any other party. We declare that the underlying trade transaction is genuine.

2. We undertake to indemnify the Bank in full and keep the Bank indemnified in full against all liabilities, losses, damages, costs, expenses, claims and demands which the Bank may suffer, incur or sustain by reason or on account of the Bank granting Invoice Financing to us howsoever, including without limitation, all legal and other costs (on a full indemnity basis), charges and expenses the Bank may incur in connection with the enforcement, or attempted enforcement of the Bank's rights under or in connection with this Agreement.

3. In addition to any general lien, right of set-off or any other right to which the Bank may be entitled by law or contract, the Bank may at any time at its discretion and without notice to us earmark, set-off, debit or transfer any sum or sums standing to the credit of our account from time to time (including any fixed deposit account, notwithstanding that any deposit on such fixed deposit account has not matured or any of the special conditions applicable to the deposit have not been satisfied) in or towards payment or satisfaction of all or any monies or liabilities (whether actual or contingent) due or owing to the Bank under or in connection with or in respect of the Invoice Financing. Any and all currency conversions shall be at the Bank's prevailing foreign exchange rate unless otherwise arranged beforehand.

4. We also irrevocably and unconditionally undertake and agree that where any goods and services tax or other taxes levies or charges whatsoever are now or hereafter required imposed or enforced by law (including the Goods and Services Tax Act (Cap 117A)) or required to be paid on or in respect of any monies (including fees payable to the Bank or its agent banks or any fees costs and expenses incurred by the Bank or its agent banks), they shall be borne by or chargeable to us and payable by us to the Bank on demand in addition to all other monies payable to the Bank and the Bank is entitled to debit any of our account with the Bank for payment of the Bank's commission, expenses, costs (legal or otherwise) and agent charges if any together with such taxes under or in connection with or in respect of this Agreement and the transactions contemplated thereunder.

5. Pursuant to any sanctions now and from time to time imposed by the United States of America, the European Union, the United Nations and/or any other regulatory or supervisory authority or body, the Bank shall not examine, accept, reject, discount or otherwise handle or deal with any documents, shipments, goods, payments and/or transactions in connection therewith that may relate, whether directly or indirectly, to any sanctioned countries, persons and/or parties. Accordingly, any presentation that may violate any of the aforesaid sanctions and/or applicable laws giving effect to the same may be rejected at the Bank's sole discretion without any liability whatsoever on the Bank's part.

6. We irrevocably consent to the disclosure by the Bank, the Bank's officers, agents and the Bank's overseas branches, in any manner howsoever, of any account information relating to us including but not limited to details of our facilities, the securities taken, our credit balances and deposit with the Bank to (i) the Bank's head office, any of the Bank's representatives, documents checking and processing centres and branch offices in any jurisdiction, affiliates, (ii) any regulatory or supervisory authority including fiscal authority in any jurisdiction, (iii) any potential assignee of the Bank or any other participant in any of the Bank's rights and/or obligations in relation to our facilities, (iv) any guarantors, third party pledgors or security providers and the Bank's agents and independent contractors, (v) any insurers with whom insurance cover is taken out in connection with our application, and (vi) any third party for use in connection with the provision of Bank's products or services.

7. Each of the provisions of this Agreement shall be several and distinct from one another. If any one or more of the provisions contained in this Agreement shall be deemed invalid, unlawful or unenforceable in any respect under any applicable law, the validity, legality and enforceability of each of the remaining provisions contained herein shall not in any way be affected, prejudiced or impaired thereby.

8. A person who is not a party to the terms herein has no right under the Contracts (Rights of Third Parties) Act (Cap 53B) to enforce any of the terms and conditions herein.

9. This Agreement shall be governed by and construed in accordance with the laws of Singapore. We agree to submit to the non-exclusive jurisdiction of the courts in Singapore in respect of any disputes arising out of or in connection with this Agreement. Without prejudice to the foregoing, we undertake not to commence proceedings or suits against the Bank in the courts of any other jurisdiction. In the event of any proceedings or suits commenced by us against the Bank, we agree that Singapore Courts shall have exclusive jurisdiction in respect of any disputes arising out of or in connection with this Agreement. We agree to waive and do so waive any right vested on us by the laws of the jurisdiction in which we carry on business to challenge the validity or legality of any part of this provision.



**ORRICK**

SunEdison Utility Holdings, Inc.
44 Montgomery Street, Suite 2200
San Francisco, CA 94104

January 21, 2016
Invoice No.32493

Orrick Contact: ████████████

FOR SERVICES RENDERED in relation to the invoices listed on the
attached Schedule:

Due upon receipt

**CURRENTLY DUE AND PAYABLE IN UNITED STATES
DOLLARS:**

| | |
|---|---|
| **US$** | 2,099,790.65 |

In order to ensure proper credit to your account,
please reference your **INVOICE** and **CLIENT** numbers on your remittance.
For inquiries, call: (304) 231-2704. Fax (304) 231-2501.

**REMITTANCE COPY - PLEASE RETURN WITH PAYMENT**

**REMITTANCE ADDRESS:**

*Orrick, Herrington & Sutcliffe LLP*
*Dept 34461*
*P.O. Box 39000*
*San Francisco, CA 94139*
*Reference: 32493/ Invoice: 32493*

**ELECTRONIC FUNDS
TRANSFERS:**

***ACH& Wire Transfers:***
*ABA Number 121000248*
*SWIFT CODE: WFBIUS6S*
*Account Number: 4123701088*
*Wells Fargo*
*420 Montgomery Street*
*San Francisco, CA 94104*
*Account of*
*Orrick, Herrington & Sutcliffe LLP*
*Reference: 32493/ Invoice: 32493*
*E.I.N. 94-2952627*

**OVERNIGHT DELIVERY:**

*Orrick, Herrington & Sutcliffe LLP*
*c/o Wells Fargo Lockbox*
*Attn: Dept 34461*
*3440 Walnut Avenue*
*Building A, Window H*
*Fremont, CA 94538*
*(904) 634-6350*
*Reference: 32493/ Invoice: 32493*

OHSUSA:764445109.1

| Bill # | Date | Client | Client Name | Matter | Matter Name | Total AR |
|--------|------|--------|-------------|--------|-------------|----------|
| 1542333 | 7/23/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $9,550.57 |
| 1545899 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $18,538.59 |
| 1545900 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $14,822.36 |
| 1545903 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $1,227.95 |
| 1545905 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $45,289.65 |
| 1545909 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 8 | Buckthorn - Tax Equity Financing | $3,119.09 |
| 1545912 | 8/17/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $49,530.31 |
| 1552240 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $33,952.53 |
| 1552254 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $121,260.43 |
| 1552326 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $59,752.35 |
| 1552328 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $41,187.47 |
| 1552329 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $22,472.51 |
| 1552331 | 9/28/2015 | 32493 | SunEdison Utility Holdings, Inc. | 10 | Buckthorn - Development Matters | $5,398.47 |
| 1557023 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $135,463.15 |
| 1557026 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $111,021.94 |
| 1557027 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $286,778.88 |
| 1557029 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $68,739.59 |
| 1557030 | 10/21/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $2,348.07 |
| 1562243 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $14,035.74 |
| 1562245 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $96,455.21 |
| 1562246 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $198,587.29 |
| 1562247 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $5,853.60 |
| 1562248 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $8,819.54 |
| 1562253 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 4 | Castle Gap - Construction Debt Financing | $1,538.94 |
| 1562254 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 14 | Hawaii - Debt Financing | $18,255.66 |
| 1562255 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 15 | Castle Gap - Back-Leverage Debt Financin | $366.95 |
| 1562256 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 16 | Beacon Hill - Construction Debt Financin | $2,862.21 |
| 1562258 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 12 | Beacon Hill - Sale Transaction | $11,140.94 |
| 1562259 | 11/19/2015 | 32493 | SunEdison Utility Holdings, Inc. | 19 | Sunflower | $6,088.50 |
| 1564327 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 3 | Castle Gap - Tax Equity Financing | $87,275.08 |
| 1566981 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 4 | Castle Gap - Construction Debt Financing | $18,647.62 |
| 1566982 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 5 | Castle Gap - Development Matters | $12,152.40 |
| 1566983 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 6 | Mt. Signal 2 Development Matters | $23,928.44 |
| 1566984 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 7 | Mt. Signal 3 Development Matters | $13,007.25 |
| 1566985 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 15 | Castle Gap - Back-Leverage Debt Financin | $608.85 |
| 1566989 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 2 | Hawaii Tax Equity | $280,734.10 |
| 1566990 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 14 | Hawaii - Debt Financing | $239,108.03 |
| 1567236 | 12/15/2015 | 32493 | SunEdison Utility Holdings, Inc. | 20 | RockSprings | $29,870.39 |

Total: $2,099,790.65